STATE v. JENNESS RUSSELL OWENS.

(Filed 21 March, 1956.)

**1. Criminal Law § 12g—**

Chapter 482, Session Laws of 1951, providing that upon defendant's demand for a jury trial in a criminal prosecution in the Recorder's Court of the county, the cause should be transferred to the Superior Court of the county, *is held* constitutional, since the act does not require trial in the Superior Court upon the original warrant.

**2. Constitutional Law § 32: Indictment and Warrant § 13—**

Upon defendant's demand for a jury trial in a prosecution upon a warrant in the Recorder's Court, the cause was transferred to the Superior Court and an indictment returned by the grand jury. *Held:* The court's unequivocal finding, upon defendant's motion to quash, that the defendant was being tried upon the indictment, is conclusive, notwithstanding a *lapsus linguae* in the charge that defendant was being tried upon a warrant.

**3. Automobiles § 72—**

Testimony of State's witnesses to the effect that they smelled the odor of an intoxicant on the breath of defendant immediately after eccentric operation of an automobile by defendant, that defendant was staggering and appeared to be intoxicated, with testimony of some of the State's witnesses that defendant was drunk, *held* to take the issue to the jury on the charge of operating a motor vehicle while under the influence of intoxicating beverages or narcotic drugs, notwithstanding defendant's conflicting evidence that he was not drunk but was suffering from a disease which caused him to lose his equilibrium and balance.

APPEAL by defendant from *Bone, J.,* October Term, 1955, of EDGECOMBE.

This is a criminal action. The defendant was arrested upon a warrant charging that on the 10th day of April, 1954, he unlawfully operated a motor vehicle upon the streets of Tarboro while under the influence of "intoxicating beverages or narcotic drugs."

The warrant was signed by Otley Leary, Chief of Police of the Town of Tarboro, pursuant to the authority contained in Section 4½ of Chapter 13 of the Session Laws of 1953. The warrant was made returnable before the Trial Justice's Court of the Town of Tarboro. A hearing was held on 19 May, 1954. The defendant made a special appearance and moved to quash the warrant for that it was issued by Otley Leary, Chief of Police, and therefore was in violation of Article XIV, Section 7, of the Constitution of North Carolina, Otley Leary not being a judicial officer. The motion was denied and probable cause found and the case sent to the Recorder's Court of Edgecombe County. In

the latter court the defendant again made a special appearance and moved to quash the warrant upon the grounds previously stated. The motion was denied and the defendant demanded a jury trial, whereupon, the case was transferred to the Superior Court of Edgecombe County as provided in Chapter 482 of the Session Laws of 1951.

At the September Term, 1954, of the Superior Court of Edgecombe County, the grand jury returned a true bill against the defendant, charging that on 10 April, 1954, in the County aforesaid, the defendant "did operate a motor vehicle upon the public highway while under the influence of intoxicating beverages or narcotic drugs," etc.

The record states, "The defendant comes into court and pleads not guilty." Thereafter, the following appears in the record:

"Upon the reading of the warrant the defendant entered a plea of not guilty. After the plea was entered, the court, in its discretion, permitted the defendant to lodge a motion to quash.

"After hearing argument of counsel on the motion to quash, the Court ruled:

"The Court is of the opinion that the motion to quash the warrant is not pertinent to the case for the reason that the defendant has not been put to trial on the warrant, but has been put to trial upon a bill of indictment returned by the grand jury and, therefore, the Court declines to pass upon the constitutionality of the statute under attack. The said motion to quash is denied."

The jury returned a verdict of guilty, and from the judgment pronounced upon the verdict, the defendant appeals to the Supreme Court, assigning error.

*Attorney-General Rodman and Assistant Attorney-General Love for the State.*

*Weeks & Muse for the defendant.*

DENNY, J. The defendant insists (1) that the warrant signed by the Chief of Police of the Town of Tarboro is void and in support of this view he relies upon the case of *S. v. McGowan, ante,* 431, 90 S.E. 2d 703; and (2) if it be conceded that the warrant is valid he could not be tried upon it in the Superior Court, and this conclusion is supported by our decision in *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.

The defendant contends in his brief that he was tried upon the warrant in the Superior Court and that such trial was a nullity. *S. v. Thomas, supra.*

In our opinion, the case of *S. v. Norman,* 237 N.C. 205, 74 S.E. 2d 602, is controlling on the question as to the procedure in transferring this case from the Recorder's Court to the Superior Court rather than

*S. v. Thomas, supra,* as contended by the defendant. In *S. v. Thomas, supra,* we held Chapter 435 of the Session Laws of 1951 unconstitutional because it provided that whenever a demand for jury trial was made in any criminal case in the County Court of Greene County, the judge should transfer the case to the Superior Court of said county, to be heard in the Superior Court upon the warrant in such case. But, in the instant case, Chapter 482 of the Session Laws of 1951 provides that in the trial of any criminal action in the Recorder's Court of Edgecombe County, upon demand for a jury trial by the defendant, the judge of the Recorder's Court shall transfer the case to the Superior Court of Edgecombe County.

We held a similar act, Chapter 589 of the Session Laws of 1951, applicable to the Recorder's Court of Washington County, to be valid in the case of *S. v. Norman, supra.* It will be noted that these acts, unlike the one held unconstitutional in *S. v. Thomas, supra,* do not require trial in the Superior Court upon the original warrants in such cases. Therefore, the pertinent question here is whether the defendant was tried on the indictment in the trial below or upon the original warrant.

The only statement in conflict with the ruling of the court below in refusing to consider the constitutionality of the statute under attack, to wit: Section 4½ of Chapter 13 of the Session Laws of 1953, appears in the statement made by the trial judge in his charge to the jury in which he said: "The defendant, Jenness Russell Owens, is being tried upon a warrant which charges him with operating a motor vehicle on a public highway or street while under the influence of intoxicating liquors."

In view of the unequivocal finding by the court below after the plea of not guilty had been entered, "that the defendant has not been put to trial on the warrant, but has been put to trial upon a bill of indictment returned by the grand jury," we hold that the use of the word "warrant" instead of "indictment" in the charge was a mere *lapsus linguae,* or slip of the tongue, and is insufficient to overrule the explicit finding that the defendant was put to trial on the bill of indictment. The appeal will be disposed of accordingly. Consequently, we do not reach for decision the question of the constitutionality of Section 4½ of Chapter 13 of the Session Laws of 1953.

The defendant assigns as error the refusal of the court below to sustain his motion for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence. This assignment of error is without merit. Five witnesses testified that in their opinion the defendant was under the influence of an intoxicating beverage at the time he was arrested.

The evidence tends to show that about 12:15 a.m. on the night of 10 April, 1954, the defendant drove his car from his home to the Snack Bar, which is located on North Main Street in the Town of Tarboro. That when he got out of his car to go into the Snack Bar, he was staggering and appeared to be intoxicated. After coming out of the Snack Bar, he seemed to have some trouble in opening the door of his car, and in backing out into the street he scraped the fender of an automobile parked to his right, and thereafter while undertaking to turn his car in the street, he backed it entirely across the street and hit another automobile.

The defendant testified that he was not under the influence of an intoxicant or narcotic drug, but was suffering from an attack caused by Meneries Disease; that he had been taking medicine for this disease for several years. His physician testified that he had been treating him for the disease and that he had prescribed for him the use of Dramamine or Bonamine, neither of which is a narcotic but a sedative. He also testified that an attack of Meneries Disease would cause him to lose his equilibrium and balance. The defendant admitted that he did take a drink around 7:30 or 8:00 o'clock at a party he and Mr. Larry Eagles gave for some of their employees at the Country Club on the night of 10 April; that later in the evening, around 9:30, he sipped on another drink for some thirty or forty minutes and drank possibly one-half of it.

The jury was confronted with this situation. The State offered evidence by its witnesses to the effect that they smelled the odor of an intoxicant on the breath of the defendant and that in their opinion he was under the influence of an intoxicating beverage. Some of the State's witnesses testified that he was drunk. The defendant testified as set forth above, and offered other witnesses who testified that he was not under the influence of an intoxicant or narcotic drugs immediately before or immediately after his arrest. Numerous highly respected citizens came into court and testified to the defendant's good character. Even so, it was a case for the jury and the jury accepted the State's version under a charge free from prejudicial error.

It would be difficult to conceive how counsel for the defendant could have been more zealous in their efforts to get a nonsuit in this case or secure a new trial for their client. However, we have carefully examined all the exceptions and assignments of error and no error is shown which in our opinion is sufficiently prejudicial to justify us in disturbing the verdict below.

No error.