## STATE v. WILLIAM O. REGISTER, JR.

(Filed 19 September, 1956.)

**Criminal Law § 12g—**

Chapter 115, Public Laws of 1929, providing that upon defendant's demand for a jury trial in a criminal prosecution in the Recorder's Court of the county, the cause should be transferred to the Superior Court of the county, *is held* constitutional, since the act does not require trial in the Superior Court upon the original warrant.

JOHNSON, J., not sitting.

APPEAL by defendant from *Fountain, Special Judge,* April Term, 1956, of CRAVEN.

This is a criminal action, originally instituted upon a warrant issued by a justice of the peace on the 6th day of October 1955, charging the defendant with careless and reckless driving and operating a motor vehicle upon the public highways of the State, while under the influence of intoxicants or narcotics. The warrant was made returnable to the Craven County Recorder's Court. When the case was called for trial in the Recorder's Court, the defendant demanded a jury trial; whereupon, the case was transferred to the Superior Court of Craven County, pursuant to the provisions of Chapter 115 of the Public Laws of 1929.

The grand jury returned a true bill of indictment against the defendant at the November Term 1955 of the Superior Court of Craven County, charging him with the identical offenses charged in the warrant. The case was called for trial at the April Term 1956 of the Superior Court of Craven County and the defendant entered a plea of not guilty. The jury was chosen and impaneled and upon the evidence adduced in the trial, found the defendant guilty on the first count in the bill of indictment, charging him with operating a motor vehicle upon the public highways of Craven County while under the influence of intoxicants or narcotics.

From the judgment imposed on the verdict, the defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Charles L. Abernethy, Jr., for appellant.*

PER CURIAM.    The defendant assigns as error the refusal of the court below to remand the case to the Recorder's Court of Craven County, contending that the provisions of Chapter 115 of the Public Laws of 1929, which provide that when a jury trial is demanded in the Recorder's Court of Craven County the case shall be transferred for trial in the Superior Court of Craven County and the defendant required to give bond for his appearance at the next term of the Superior Court, are unconstitutional.

We upheld similar legislation relating to the Recorder's Court of Washington County, in the case of *S. v. Norman,* 237 N.C. 205, 74 S.E. 2d 602, and to the Recorder's Court of Edgecombe County, in the case of *S. v. Owens,* 243 N.C. 673, 91 S.E. 2d 900.   The defendant's assignment of error to the ruling of the court below is without merit.

The additional exceptions and assignments of error, in our opinion, present no prejudicial error that would justify a disturbance of the verdict and judgment of the court below.

No error.

JOHNSON, J., not sitting.