STATE v. RODNEY ORDELL MOBLEY.

(Filed 10 April 1968.)

1. **Criminal Law § 19—**

Where a prosecution is transferred from a municipal-county court to the Superior Court upon the defendant's demand for a jury trial, Session Laws of 1945, Chapter 509, the jurisdiction of the inferior court is thereby ousted, and the Superior Court having acquired original jurisdiction, the defendant must be tried upon indictment.

2. **Criminal Law § 13—**

Defendant's contentions as to the illegality of the warrant upon which he was arrested is rendered moot and immaterial by his trial upon a valid indictment in the Superior Court upon demand for trial by jury.

3. **Automobiles § 126;   Criminal Law § 64—**

Evidence in this case *is held* insufficient to show that the person admin-

istering the Breathalyzer test was qualified as an expert so as to meet the requirement of G.S. 20-139.1, and his testimony as to the results of a Breathalyzer test made on defendant is thereby rendered incompetent.

**4. Same—**

Statement of the arresting officer to defendant that if he does not take the Breathalyzer test "it will be used as an assumption of guilt in court" exceeds the scope of G.S. 20-16.2(b) and is deemed objectionable as coercing defendant to submit to the test, and a motion to strike the officer's testimony as to the result of the test is proper.

APPEAL by defendant from *Cowper, J.,* 21 August 1967 Session of LENOIR.

This is a criminal prosecution on an indictment charging defendant with unlawfully and wilfully operating an automobile upon the public highways of North Carolina while under the influence of intoxicating liquor.

Defendant was first arrested on a warrant sworn out by J. S. Irving, a deck officer of the Police Department of the City of Kinston, and issued by J. A. Krauss, who is merely designated as "Issuing Official," charging him with the identical offense charged in the indictment, and made returnable before the Municipal-County Court of the City of Kinston and County of Lenoir. In the said Municipal-County Court defendant requested a jury trial, and, pursuant to his request, the case was transferred to the Superior Court of Lenoir County for trial by jury.

Defendant was tried in the superior court on an indictment charging him with the identical offense charged in the warrant.

When the case was called for trial, defendant, who was present with his counsel of record, entered a plea of Not Guilty. Verdict: Guilty as charged.

From a sentence of imprisonment for sixty days, suspended upon payment of a fine of $100 and the costs, defendant appealed.

*Attorney General T. W. Bruton, Assistant Attorney General William W. Melvin, and Staff Attorney T. Buie Costen, for the State.*
*Mercer & Thigpen by Ella Rose Thigpen for defendant appellant.*

PARKER, C.J. When defendant made a request for trial by jury in the Municipal-County Court of the City of Kinston and County of Lenoir, the case was transferred to the superior court for trial by jury, pursuant to the mandatory provisions of Chapter 509 of the 1945 Session Laws of the State of North Carolina. This local statute, applicable to Lenoir County, is constitutional. *S. v. Register,* 244 N.C. 480, 94 S.E. 2d 323; *S. v Owens,* 243 N.C. 673, 91 S.E. 2d 900.

On the transfer of the case to the superior court for jury trial, the jurisdiction of the Municipal-County Court of the City of Kinston and County of Lenoir was ousted; and, upon the transfer of this case to the Superior Court of Lenoir County, the jurisdiction of the Superior Court of Lenoir County was not derivative but original, and it was necessary for the defendant to be tried on an indictment. S. v. Smith, 264 N.C. 575, 142 S.E. 2d 149; S. v. Hollingsworth, 263 N.C. 158, 139 S.E. 2d 235; S. v. Peede, 256 N.C. 460, 124 S.E. 2d 134; S. v. Davis, 253 N.C. 224, 116 S.E. 2d 381; S v. Norman, 237 N.C. 205, 74 S.E. 2d 602.

Defendant's first assignment of error is to the denial of his motion to quash or dismiss the prosecution against him on the ground that the warrant was issued by an improper official. Defendant's contention is that the warrant on which he was arrested was illegal because it was not issued by a judicial officer. This assignment of error is overruled.

Defendant was tried on an indictment. He was not tried on the warrant on which he was arrested. This was done at his request as above stated. In the trial in the superior court, the court had jurisdiction over the person of the defendant and the offense charged. 22 C.J.S., Criminal Law, § 108. Defendant does not challenge the validity of the indictment on which he was tried, convicted, and sentenced. This is stated in 21 Am. Jur. 2d, Criminal Law § 380: ". . . (T)he rule is generally recognized that if a defendant is physically before the court on an accusatory pleading, . . . the invalidity of the original arrest is immaterial, even though seasonably raised, as regards the jurisdiction of the court to proceed with the case." To support its text Am. Jur. cites cases from many jurisdictions, including State v. McClung, 104 W.Va. 330, 140 S.E. 55, 56 A.L.R. 257, which we have cited with approval in S. v. Sutton, 244 N.C. 679, 94 S.E. 2d 797. This is said in 22 C.J.S., Criminal Law, § 144, page 383 et seq.: "Unless the offense is one for which accused must be arrested during its commission, the illegal arrest of one charged with crime is no bar to his prosecution if all other elements necessary to give a court jurisdiction to try accused are present, a conviction in such a case being unaffected by such unlawful arrest." Even if we concede that defendant was arrested on an illegal warrant, the fact that he was tried on an indictment makes the question of the validity of the warrant on which he was arrested moot.

James Krauss, a police officer of the City of Kinston, testified, so far as relevant on the precise point we are considering, as follows:

". . . (T)hat he had a permit to administer the breathalyzer test from the State Board of Health and further that he saw the

defendant on February 18th and administered the test to the defendant. . . . Tester graduated from Dept. of Community College and had administered tests for two years prior to this time."

Upon this fragmentary testimony, the court found that Officer Krauss was an expert in administering the breathalyzer test. The record states as follows: "Results of Test were introduced over objection and motion to strike by the defendant." The officer testified that the results of the test were 29/100 percent. Defendant assigns as error the admission of this testimony over his objection. The officer testified that he had administered tests for two years prior to this time. We assume that he means breathalyzer tests. However, the officer gave no testimony as to his training with the exception that he graduated from the Department of Community College. There is nothing in his testimony to show what he studied in the Community College. The record is bare of any evidence that he attended any school or course of instruction on making breathalyzer tests. There is nothing in his testimony to show that he is qualified to make a test for alcoholic content in human blood and to testify as to results obtained from such a test of defendant's blood. Officer Krauss may be thoroughly qualified as an expert witness to administer the breathalyzer test, but if so, his qualifications do not appear from the meager evidence before us. So far as the present record discloses, the witness Krauss had no such qualifications to make a breathalyzer test as did the witness in S. v. Cummings, 267 N.C. 300, 148 S.E. 2d 97, and S. v. Powell, 264 N.C. 73, 140 S.E. 2d 705. In our opinion, and we so hold, on the meager record before us, the witness Krauss did not meet the requirements of G.S. 20-139.1 so as to make his evidence competent in a criminal prosecution. We find no competent evidence to support the trial judge's finding of fact that Krauss was an expert in administering a breathalyzer test. The court erred in admitting this testimony.

The record discloses the following testimony on cross examination of Officer Krauss by counsel for defendant.

"Q. What did you tell him? State your exact words to him.

"A. I told him that he has a right to refuse to take this test, that he doesn't have to take the test; that if he doesn't take it it will be used as an assumption of guilt in court."

When this answer was given, the defendant did not move for the court to strike the answer of the witness as to the results of the breathalyzer test, as he well might have done. Nor did counsel for defendant, before Officer Krauss testified as to the results of his

test, request permission to examine the witness as to what he told defendant as to the breathalyzer test before the witness testified as to the results of the test. Perhaps the question is not raised, but we think what Officer Krauss told defendant weighed the scales too heavily against the defendant. G.S. 20-16.2, subsection (b), reads:

"If a person under arrest refuses to submit to a chemical test under the provisions of G.S. 20-16.2, evidence of refusal shall be admissible in any criminal action growing out of an alleged violation of driving a motor vehicle upon the public highways of this State or any area enumerated in G.S. 20-139 while under the influence of intoxicating liquor. Provided: That before evidence of refusal shall be admissible in evidence in any such criminal action the court, upon motion duly made in apt time by the defendant, shall make due inquiry in the absence of the jury as to the character of the alleged refusal and the circumstances under which the alleged refusal occurred; and both the State and the accused shall be entitled to offer evidence upon the question of whether or not the accused actually refused to submit to the chemical test provided in G.S. 20-139.1."

The statute does not say that if a person refuses to submit to the test "it will be used as an assumption of guilt in court." The record does not disclose if defendant at any time refused to take the test, and it would seem that the statement of Officer Krauss to the defendant that if he did not take the test it would be used as an assumption of guilt in court coerced him to take the test.

Defendant assigns as error the court's refusal to dismiss or non-suit the case at the close of the State's evidence. The defendant introduced no evidence. A consideration of the evidence in the record shows that it was sufficient to overrule the motion to dismiss or non-suit unaided by the results of the breathalyzer test.

For error in the admission of evidence, defendant is entitled to a

New trial.