STATE OF NORTH CAROLINA v. JOHNNY C. COLEY

No. 7320SC167

(Filed 21 February 1973)

1. Automobiles § 126— breathalyzer test — statements by administering officer — admissibility of results

Statements by the officer administering a breathalyzer test to defendant in a drunk driving case as to the effect of defendant's refusal to take the test were accurate and did not coerce defendant into submitting to the test.

2. Automobiles § 126— breathalyzer test — qualifications of administering officer — manner of administering

Where qualifications of the officer administering a breathalyzer test and the manner of conducting it met the requirements of G.S. 20-139.1, results of the test were competent evidence in a prosecution under G.S. 20-138.

APPEAL by defendant from *Lupton, Judge,* 24 July 1972 Session of STANLY County Superior Court.

Defendant was tried and convicted of the offense of driving a motor vehicle while under the influence of intoxicating liquor, in violation of G.S. 20-138. The State offered the testimony of three police officers, two of whom were present at defendant's arrest, the other being the officer who administered a breathalyzer test.

The arresting officers testified that they observed a truck traveling erratically along Highway 52 at about 1:00 a.m. on 27 May 1972; that they stopped the truck and found defendant to be the driver; and that defendant's face was red, his breath smelled of alcohol, his speech was slurred, and his walk slightly unsteady.

Officer J. M. Leopard testified that he gave defendant a breathalyzer test on 27 May 1972 at 1:35 a.m. after informing defendant that he did not have to take the test, but that if he refused, such refusal could be used as evidence in court against him and that he had thirty minutes to secure the presence of his attorney or other witness if he desired.

Defendant took the breathalyzer test, the result of which indicated his blood-alcohol content to have been 0.17 per cent by weight.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Gerald R. Chandler for defendant appellant.*

CAMPBELL, Judge.

[1] Defendant contends that he was coerced into submitting to a breathalyzer test because of incorrect statements made to him by Officer Leopard as to the effect of his refusal. We have reviewed the testimony of Officer Leopard, and it was factually accurate and distinguishable from *State v. Mobley*, 273 N.C. 471, 160 S.E. 2d 334 (1968), upon which defendant relies.

Defendant has challenged the admissibility of the breathalyzer test result on other grounds. He argues that there was no competent evidence in the trial that the particular breathalyzer used was working properly; that the operator, Officer Leopard, was competent to testify; that the chemicals used were pure and mixed correctly and that the mechanical parts of the device were in perfect working condition.

---

**[2]** "The result of a Breathalyzer test, when the qualifications of the person making the test and the manner of making it meet the requirements of G.S. 20-139.1, is competent evidence in a criminal prosecution under G.S. 20-138." *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165 (1967). These requirements were all met in the instant case.

We have reviewed all of the 28 assignments of error and do not think a seriatim discussion is necessary as we find no prejudicial error and the defendant was afforded a fair trial.

No error.

Judges BROCK and GRAHAM concur.