STATE OF NORTH CAROLINA v. THOMAS JEFFERSON CAVINESS

No. 709SC40

(Filed 1 April 1970)

1. Automobiles § 126;   Criminal Law § 64—    breathalyzer test results — prerequisites for admission in evidence

   In this prosecution for operating an automobile on the public highways while under the influence of intoxicating liquor, the trial court committed prejudicial error in admitting testimony as to the results of a breathalyzer test where there is no evidence in the record tending to show that chemical analysis of defendant's breath was performed (1) according to methods approved by the State Board of Health, and (2) by an individual possessing a valid permit issued by the State Board of Health. G.S. 20-139.1(b).

**2. Automobiles § 126;    Criminal Law § 64—    breathalyzer test results — qualification of expert — permit issued by State Board of Health**

Testimony by a witness that he had been to school, studied and graduated from the "school for breathalyzer operators put on by the Community College in Raleigh," and that he has "a license to administer the breathalyzer" *is held* insufficient to show that the witness has a valid permit issued by the State Board of Health to administer breathalyzer tests.

APPEAL by defendant from *Hall, J.*, July 1969 Criminal Session of Superior Court held in GRANVILLE County.

Defendant was tried upon a warrant charging him with operating an automobile upon the public highways while under the influence of intoxicating liquor in violation of G.S. 20-138. The defendant appealed to the superior court from the verdict and judgment imposed in the district court. Upon his plea of not guilty in the superior court, the trial was by jury. From the judgment imposed upon the verdict of the jury that the defendant was guilty as charged, he appeals to the Court of Appeals, assigning error.

*Attorney General Robert Morgan and Staff Attorney T. Buie Costen for the State.*

*Blackwell M. Brogden for the defendant appellant.*

MALLARD, C.J.

Defendant's fourth assignment of error complains of the admission of the testimony of the witness Evans relating to the result of a breathalyzer test. The exceptions upon which this assignment of error are based arose under the following circumstances: R. E. Evans, the only witness for the State testifying as to a breathalyzer test, testified and the following occurred:

"I am R. E. Evans, member of the State Highway Patrol and have been for twelve years and I am presently assigned to Granville County; I have been to special schools; I have studied the breathalyzer. I went to the school for breathalyzer operators put on by the Community College in Raleigh. I did graduate and I have a license to administer the breathalyzer. Here is the license and my name appears on the certificate.

Q  What was the result of that breathalyzer examination?

DEFENDANT OBJECTS.  OVERRULED.

MR. BROGDEN: If your Honor, please, I would like to be heard on that.

THE COURT: Would the jury step to your room and I will send for you when we need you?

(JURY RETIRES)

MR. BROGDEN: May it please the Court, as I understand Stansbury and our Supreme Court, whenever the State attempts to rely on a scientific device, they have got to lay a foundation to show (1) That the scientific experiment is one that is generally accepted for the purpose for which it was designed. (2) That it was operating properly and was accurate on the day in question, and (3) That the man performing the test is qualified. (Argument Continues.)

COURT OVERRULED OBJECTION. (JURY RETURNS) DEFENDANT EXCEPTS. EXCEPTION NO. 7

Q   Sgt. Evans, at the time you administered the breathalyzer test to this defendant, did you personally ascertain as to whether or not the breathalyzer was in proper order?

DEFENDANT OBJECTS TO FORM OF THE QUESTION. OVERRULED.

A   I did.

DEFENDANT EXCEPTS. EXCEPTION NO. 8

Q   Sir?

A   I did.

Q   And was it operating and functioning properly?

OBJECTION. OVERRULED.

A   It operated properly.

DEFENDANT EXCEPTS. EXCEPTION NO. 9

Q   Did you administer the breathalyzer test to the defendant?

A   I did.

Q   What was the result?

OBJECTION. OVERRULED.

A   Point fourteen.

DEFENDANT EXCEPTS. EXCEPTION NO. 10"

G.S. 20-139.1 is applicable here. This statute in pertinent part provides that the quantity of alcohol in a person's blood at the time

alleged, as shown by chemical analysis of the person's breath is admissible in evidence against such person when charged with operating an automobile under the influence of intoxicating liquor in violation of G.S. 20-138, and shall give rise to the following presumptions:

"If there was at that time 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor."

This statute, G.S. 20-139.1(b) as applicable here, also provides tions:

"Chemical analyses of the person's breath, to be considered valid under the provisions of this section, shall have been performed according to methods approved by the State Board of Health and by an individual possessing a valid permit issued by the State Board of Health for this purpose. The State Board of Health is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the State Board of Health; provided that in no case shall the arresting officer or officers administer said test."

(The above section of the statute was re-enacted in 1969, effective 1 September 1969, with the addition of the words "or blood" in the first line thereof after the word "breath.")

[1] This section of the statute requires two things before a chemical analysis of a person's breath can be considered valid. First, it requires that such analysis shall have been performed according to methods approved by the State Board of Health. Second, it requires that such analysis shall have been made by an individual possessing a valid permit issued by the State Board of Health for this purpose.

There is no evidence in this record tending to show that a chemical analysis of the defendant's breath was performed according to methods approved by the State Board of Health.

[1, 2] Neither is there evidence in this record tending to show that the chemical analysis of the defendant's breath was performed by an individual possessing a valid permit issued by the State Board of Health for this purpose. The testimony of the witness R. E. Evans that he had been to school, studied and graduated from the "school for breathalyzer operators put on by the Community College in Raleigh" is not sufficient to satisfy the requirements of the statute that he possess a valid permit issued by the State Board of Health.

Neither was his testimony that he has "a license to administer the breathalyzer" sufficient to satisfy the requirement of the statute, that to be considered valid, the analysis must be performed by an individual possessing a valid permit issued by the State Board of Health for this purpose. *State v. Mobley,* 273 N.C. 471, 160 S.E. 2d 334 (1968); *State v. Cummings,* 267 N.C. 300, 148 S.E. 2d 97 (1966); *State v. Powell,* 264 N.C. 73, 140 S.E. 2d 705 (1965). The witness Evans may be qualified under the statute to administer and testify as to the results of the breathalyzer test, but if so, his qualifications do not appear in this record.

We are of the opinion and so hold that in this case on this record the court committed prejudicial error in admitting the testimony of the witness Evans as to the result of a breathalyzer test.

Defendant has other exceptions and assignments of error; however, since these may not recur on a new trial, we do not deem it necessary to discuss them.

For the reason stated, the defendant is entitled to a new trial.

New trial.

MORRIS and VAUGHN, JJ., concur.