STATE OF NORTH CAROLINA v. WILLIAM TYRONE POWELL

No. 7110SC216

(Filed 31 March 1971)

Automobiles § 126; Criminal Law § 64— admission of breathalyzer test results — requisites of admissibility

 The State is not required, prior to the admission of a breathalyzer test results, to introduce in evidence a certified copy of the methods approved by the State Board of Health for administering the test, although it is permissible to do so in order to show that the test complied with the applicable statutory standards. G.S. 20-139.1(b).

APPEAL by defendant from *Bowman, Special Superior Court Judge,* 11 November 1970 Special Criminal Session, WAKE Superior Court.

The defendant, in the District Court of Wake County, was convicted of operating a motor vehicle on the highways while under the influence of some intoxicating liquor. He appealed to the superior court. From a jury verdict of guilty and judgment thereon, the defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Assistant Attorney General T. Buie Costen for the State.*

*William T. McCuiston for defendant appellant.*

BROCK, Judge.

The sole question presented on this appeal, as stated by appellant, is "Did the court err when it ruled the breathalyzer reading in this case was admissible evidence?" Defendant does not argue that the witness who administered the test and testi-

fied as to the results was not shown to possess the qualifications required by G.S. 20-139.1(b). The thrust of defendant's argument is that in order to comply with G.S. 20-139.1(b) it is incumbent upon the State to introduce into evidence a certified copy of "the methods approved by the State Board of Health in administering the breathalyzer test" and that it was error to allow the witness to testify that he administered the test in accordance with the rules and regulations established by the North Carolina State Board of Health, without introducing a copy of such rules and regulations in evidence. This contention is without merit and the assignment of error based thereon is overruled.

According to the record on appeal in this case the State offered in evidence the "permit" to administer the breathalyzer test issued to the State's witness by the State Board of Health, and apparently this satisfied defendant with respect to the permittee's qualifications. It also appears from the record on appeal, and further developed in oral argument, that it was the feeling of the solicitor and the trial court that the introduction of such a "permit" was necessary before the individual administering the test would be allowed to testify as to its result. In the totality of the arguments before us we are referred to the holdings in *State v. Caviness,* 7 N.C. App. 541, 173 S.E. 2d 12, and *State v. King,* 6 N.C. App. 702, 171 S.E. 2d 33, as indicating that the "permit" must be introduced into evidence, and also as indicating that a certified copy of the "methods approved by the State Board of Health" for administering the breathalyzer test is required to be introduced into evidence.

The opinions in *State v. Caviness, supra,* and *State v. King, supra,* refer to *State v. Mobley,* 273 N.C. 471, 160 S.E. 2d 334, and the opinion in *Mobley* refers to *State v. Cummings,* 267 N.C. 300, 148 S.E. 2d 97, and *State v. Powell,* 264 N.C. 73, 140 S.E. 2d 705. There is not the slightest indication in *Mobley, Cummings* or *Powell* that the introduction of the "permit" or that the introduction of a certified copy of the "methods approved by the State Board of Health" is required before the individual may be allowed to testify as to the results of the breathalyzer test.

Similarly in *Caviness* the court was referring to the complete failure of the evidence in the record on appeal to show that the State's witness possessed a "permit" and a complete failure

of the evidence in the record on appeal to disclose that the breathalyzer test was administered according to the "methods approved by the State Board of Health." It is perfectly clear that the opinion in *Caviness* does not require the introduction into evidence of the "permit" or the introduction into evidence of a certified copy of the "methods approved by the State Board of Health." Chief Judge Mallard stated in *Caviness*:

> "This section of the statute requires two things before a chemical analysis of a person's breath can be considered valid. First, it requires that such analysis shall have been performed according to methods approved by the State Board of Health. Second, it requires that such analysis shall have been made by an individual possessing a valid permit issued by the State Board of Health for this purpose."

It is left open for the State to prove compliance with these two requirements in any proper and acceptable manner.

The record on appeal in *State v. King, supra,* shows that the State actually did introduce in evidence the "permit" of the breathalyzer operator. In *King* it was held that a person holding a valid "permit" issued by the State Board of Health is qualified to administer a breathalyzer test. And it was further held that when such a permit is introduced into evidence the permittee is competent to testify. However it is perfectly clear that the opinion in *King* does not limit the method of showing qualification of the permittee to an introduction of the "permit."

In our opinion, from a reading of the statute and the cases above cited, although permissible, it is not required that either the "permit" or a certified copy of the "methods approved by the State Board of Health" be introduced into evidence by the State before testimony of the results of the breathalyzer test can be given.

In the entire trial we find no error.

No error.

Judges MORRIS and VAUGHN concur.