State v. Chavis

STATE OF NORTH CAROLINA v. MELVIN HUNTER CHAVIS

No. 726SC227

(Filed 2 August 1972)

1. **Automobiles § 126— breathalyzer test results — requirements for admissibility**

    In a prosecution for operating a motor vehicle on the highways of the State while under the influence of intoxicating liquor, admission into evidence of results of a breathalyzer test administered to defendant constituted prejudicial error where there was no evidence that the test was administered according to methods approved by the State Board of Health and by an individual possessing a valid permit issued by the State Board of Health for that purpose. G.S. 20-139.1.

2. **Automobiles § 127— operating vehicle while under influence of intoxicating liquor — sufficiency of evidence to withstand nonsuit**

    State's evidence was sufficient to withstand motion to nonsuit in a prosecution for operating a vehicle while under the influence of intoxicating liquor where such evidence tended to show that defendant weaved back and forth over the center of the street, he smelled of alcohol

and admitted having had one or two beers to the officer who stopped him, and an officer who observed defendant at the police station after his arrest testified that it was his opinion that defendant was under the influence of intoxicating liquor.

APPEAL by defendant from *Parker, Judge,* 18 October 1971 Session of Superior Court held in HERTFORD County.

Defendant was charged in a warrant with operating a motor vehicle on the highways of North Carolina while under the influence of intoxicating liquor. From judgment entered in district court defendant appealed to superior court for a trial *de novo.* The jury returned a verdict of guilty and from judgment entered on the verdict, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Jones, Jones & Jones by L. Herbin, Jr., for defendant appellant.*

PARKER, Judge.

[1] In assignment of error 13, defendant contends the court erred in overruling his objection to and subsequent motion to strike testimony that a breathalyzer test was administered and that the reading was .15 percent. This assignment of error is well taken. G.S. 20-139.1 (b) in pertinent part reads: "Chemical analyses of the person's breath or blood, to be considered valid under the provisions of this section, shall have been performed according to methods approved by the State Board of Health and by an individual possessing a valid permit issued by the State Board of Health for this purpose."

In *State v. Caviness,* 7 N.C. App. 541, 173 S.E. 2d 12, the Court in interpreting G.S. 20-139.1 (b) stated:

"This section of the statute requires two things before a chemical analysis of a person's breath can be considered valid. First, it requires that such analysis shall have been performed according to methods approved by the State Board of Health. Second, it requires that such analysis shall have been made by an individual possessing a valid permit issued by the State Board of Health for this purpose."

In *Caviness* a new trial was awarded for failure to comply with either of the two requirements. In *State v. Powell*, 10 N.C. App. 726, 179 S.E. 2d 785, affirmed 279 N.C. 608, 184 S.E. 2d 243, the Court held that the two requirements must be met, but that it is left open for the State to prove compliance in any proper and acceptable manner. See *State v. Mobley*, 273 N.C. 471, 160 S.E. 2d 334, where evidence was held insufficient to meet the requirements of G.S. 20-139.1.

In the case at bar there was no evidence before the court that the test was administered according to methods approved by the State Board of Health. As stated in *Powell*, the manner of proof is left open for the State, but the failure to offer any proof has never been sanctioned by our courts, and in this case such failure resulted in clear and manifest error prejudicial to defendant.

[2] Defendant also contends that absent the presumption raised by the results of the breathalyzer test, it was error to deny his motions for nonsuit. We do not agree, but find that when the evidence of results of the breathalyzer test is excluded, the remaining evidence was still sufficient to withstand the motions for nonsuit. The evidence, other than that relating to the results of the breathalyzer test, tended to show: On 1 July 1971 about 10:30 p.m. in Ahoskie, N. C., Officer Mulder saw defendant back his car out from a filling station, take off at a high rate of speed, spinning his tires, and proceed in a westerly direction on Main Street. Defendant was weaving back and forth over the center of the street. Officer Mulder stopped defendant, and detected a strong odor of alcohol on his breath. Defendant admitted to the officer that he had drunk one or two beers. Officer Mulder then arrested defendant for driving under the influence, and took him to the police station where Officer Willoughby observed him. Mr. Willoughby testified that from his observations of defendant it was his opinion that defendant was under the influence of intoxicating liquor.

When the evidence stated above is considered in the light most favorable to the State it is sufficient to withstand motions for judgment of nonsuit.

Defendant's other assignments of error will not be discussed as they are not likely to recur in a new trial.

For the reasons stated defendant is awarded a

New trial.

Judges BRITT and HEDRICK concur.