STATE OF NORTH CAROLINA v. JAMES CALVIN WARF

No. 7211SC585

(Filed 25 October 1972)

Automobiles § 126— breathalyzer test results — requirements for admissibility

> Defendant is entitled to a new trial in a prosecution for operating a motor vehicle on the highway while under the influence of intoxicating liquor where the trial court allowed into evidence the results of a breathalyzer test without a showing by the State that the test was administered according to methods approved by the State Board of Health and that the test was administered by a person possessing a valid permit issued by the State Board of Health. G.S. 20-139.1(b).

APPEAL by defendant from *Bailey, Judge,* 28 March 1972 Session of LEE Superior Court.

Defendant was tried in the district court upon a warrant charging him with operating a motor vehicle on the highways while under the influence of intoxicating liquor in violation of G.S. 20-138 and was found guilty. He appealed to superior court for a trial de novo and pleaded not guilty. From a jury verdict of guilty as charged and judgment imposed thereon, he appealed to the Court of Appeals.

*Attorney General Robert Morgan by Associate Attorney E. Thomas Maddox, Jr., for the State.*

*Pittman, Staton & Betts by William W. Staton and Ronald Penny for defendant appellant.*

BRITT, Judge.

Defendant's assignments of error all question the admissibility into evidence, over defendant's objection, of the results of a breathalyzer test given to defendant when there was no evidence presented by the State that (1) the test was administered according to methods approved by the State Board of Health and that (2) the test was administered by a person possessing a valid permit issued by the State Board of Health for that purpose, as required by G.S. 20-139.1(b). The assignments of error are well taken.

The decisions of this court in *State v. Caviness,* 7 N.C. App. 541, 173 S.E. 2d 12 (1970), *State v. Powell,* 10 N.C. App. 726,

179 S.E. 2d 785, affirmed 279 N.C. 608, 184 S.E. 2d 243 (1971), and *State v. Chavis,* 15 N.C. App. 566, 190 S.E. 2d 374 (1972) are controlling here. In *Caviness* a new trial was ordered for failure of the State to meet either requirement of G.S. 20-139.1(b). In *Powell* we held that both requirements must be complied with and further that the State may prove compliance in any proper and acceptable manner. In *Chavis* we pointed out that although the manner of proof is left up to the State, the failure to offer any proof is not sanctioned by the courts and the defendant was granted a new trial because "such failure resulted in clear and manifest error prejudicial to defendant."

Since the record in the instant case fails to reveal any proof to satisfy the statutory requirements, for the reasons set forth in the above cited cases, defendant is awarded a

New trial.

Chief Judge MALLARD and Judge BROCK concur.