STATE OF NORTH CAROLINA v. FEDDIE MANUEL CARPENTER

No. 7727SC588

(Filed 21 December 1977)

**1. Automobiles § 126.3— breathalyzer test—operator's permit**

It was not necessary for the State to introduce the breathalyzer operator's permit into evidence in order to render the results of the breathalyzer admissible, and the State sufficiently showed that the operator possessed a valid permit and that he performed the test according to prescribed standards where the operator testified about his training, that he was a licensed operator, and that he performed the test according to prescribed regulations.

**2. Automobiles § 126.4— breathalyzer test—written advice of rights**

A breathalyzer operator sufficiently advised defendant of his rights in writing pursuant to G.S. 20-16.2(a) when he placed a written form containing the required information before defendant with the opportunity on defendant's part to read the form, although the operator did not know whether defendant actually read the form.

APPEAL by defendant from *Ervin, Judge.* Judgments entered 30 March 1977 in Superior Court, LINCOLN County. Heard in the Court of Appeals 16 November 1977.

Defendant was charged in a warrant with (1) operating a motor vehicle on a public highway while under the influence of intoxicating liquor, and .(2) operating a motor vehicle on a public highway at a speed of 75 miles per hour in a 55 mile per hour speed zone.

Defendant was tried in District Court and found guilty of each charge. He appealed to superior Court for trial *de novo.* In Superior Court he was tried by jury upon the original warrant.

The State's evidence tends to show the following: On 21 September 1976 a Highway Patrol Trooper arrested defendant for the speeding and driving under the influence offenses. The breathalyzer test showed a reading of 0.17. The evidence of speed tended to show that defendant was driving in excess of 75 miles per hour.

Defendant offered no evidence.

The jury found defendant guilty of operating a motor vehicle on a public highway when the amount of alcohol in his blood was

State v. Carpenter

0.10 percent or more by weight, and guilty of driving in excess of 55 miles per hour in a 55 miles per hour speed zone.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for the State.*

*Robert C. Powell for the defendant.*

BROCK, Chief Judge.

Defendant assigns as error that the trial court admitted into evidence the results of the breathalyzer test. Defendant's argument is based upon two premises.

[1] First he argues that the State failed to show that the breathalyzer operator was competent to administer the test because the State failed to introduce into evidence a valid permit. In *State v. Powell*, 10 N.C. App. 726, 179 S.E. 2d 785 (1971), *affirmed* 279 N.C. 608, 184 S.E. 2d 243 (1971), we clearly stated: "In our opinion, from a reading of the statute and the cases above cited, although permissible, it is not required that either the 'permit' or a certified copy of the 'methods approved by the State Board of Health' be introduced into evidence by the State before testimony of the results of the breathalyzer test can be given." We still adhere to that proposition.

In the present case the breathalyzer operator testified about his training, he testified that he was a licensed operator, and he testified that he performed the test according to prescribed regulations. Defendant did not object or challenge the competency of the breathalyzer operator's testing of defendant. In the absence of evidence to the contrary, this was a sufficient showing that the operator possessed a valid permit and that he performed the test according to prescribed standards.

[2] Secondly, defendant argues that the breathalyzer operator did not inform the defendant, in writing, of his rights. G.S. 20-16.2(a) provides that the operator "shall inform the person arrested both verbally and in writing and shall furnish the person a signed document setting out" certain specific information. There is no evidence to the contrary, and defendant does not dispute that the operator verbally advised defendant of the certain specifics required by statute. Defendant does not dispute that the operator placed before the defendant a form containing the same

information of which he had orally advised him. It is defendant's argument that because the operator did not know whether defendant read the form containing the statutory information there was a failure of evidence to show that defendant was informed in writing as required by statute. This is not a convincing argument.

Having placed the information in writing before the defendant, the operator was not required to make defendant read it. If this were so, any belligerent or uncooperative defendant could defeat the evidence of the breathalyzer test results by merely refusing to read the information that was placed before him. The operator complied fully with the statute when he orally advised defendant and placed the required information in writing before defendant with the opportunity on defendant's part to read the same.

Defendant's assignment of error to the trial judge's instruction to the jury is overruled. *See, State v. Hill*, 31 N.C. App. 733, 230 S.E. 2d 579 (1976).

In defendant's trial we find

No error.

Judges MARTIN and CLARK concur.