STATE OF NORTH CAROLINA v. JAMES P. MULLIS

No. 7827SC289

(Filed 5 September 1978)

**Automobiles § 126.3— testimony by breathalyzer operator—insufficient foundation —permit issued by Department of Human Resources**

   A proper foundation was not laid for the admission of testimony by a breathalyzer operator where the operator testified that he possessed "a valid permit to administer the breathalyzer test in North Carolina" but there was no showing that the permit was issued by the Department of Human Resources as required by G.S. 20-139.1(b).

APPEAL by defendant from *Snepp, Judge.* Judgment entered 7 December 1977 in Superior Court, GASTON County. Heard in the Court of Appeals 16 August 1978.

Defendant was convicted in the District Court of Gaston County of operating a motor vehicle on the highway under the influence of intoxicating liquor. He appealed to the Superior Court. From a jury verdict of guilty and judgment of four months in custody in the Gaston County jail, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Isaac T. Avery III, for the State.*

*Steve Dolley, Jr., for defendant appellant.*

ERWIN, Judge.

Defendant contends that the trial court erred in allowing into evidence testimony of the breathalyzer operator when the proper foundation had not been laid by showing what permit he held and who issued it.

G.S. 20-139.1(b) reads:

   "Chemical analyses of the person's breath or blood, to be considered valid under the provisions of this section, shall have been performed according to methods approved by the Commission for Health Services and by *an individual possessing a valid permit issued by the Department of Human Resources* for this purpose. The Department of Human Resources is authorized to approve satisfactory techniques or

methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and the Department of Human Resources may issue permits which shall be subject to termination or revocation at the discretion of the Department of Human Resources; provided, that in no case shall the arresting officer or officers administer said test." (Emphasis added.)

The evidence of the State tended to show that on 25 September 1977 at about 12:10 a.m. the defendant was observed operating his Thunderbird at a high rate of speed while traveling north on U.S. 321, leaving the State of South Carolina and entering Gaston County, North Carolina. The defendant was stopped by James Carter of the South Carolina Highway Patrol, who testified that defendant's vehicle was going from the left lane to the right lane in an erratic fashion. A North Carolina highway patrolman was dispatched to the site where the defendant was waiting with the South Carolina patrolman. Defendant was placed under arrest and taken to the Gaston County Courthouse. Sergeant Brison of the North Carolina Highway Patrol administered the breathalyzer test which showed a reading of 0.17%. Sergeant Brison testified, "I possess a valid permit to administer the breathalyzer test in North Carolina and have a permit with me in Court. I have a copy of the permit with me, a duplicate copy. It is State's Exhibit Number Four."

We have carefully examined the record before us, and we cannot find that State's Exhibit No. 4 was introduced into evidence. We do not find any evidence to show who issued the permit to Sergeant Brison to administer the breathalyzer test. In view of this, we must find error and grant defendant a new trial.

The mandate of the statute can be met in one of three ways: (1) by stipulation between the defendant and the State that the individual who administers the test holds a valid permit issued by the Department of Human Resources; or (2) by offering the permit of the individual who administers the test into evidence and in the event of conviction from which an appeal is taken, by bringing forward the exhibit as a part of the record on appeal; or (3) by presenting any other evidence which shows that the individual who administered the test holds a valid permit issued by the Department of Human Resources. *See State v. Eubanks*, 283 N.C.

556, 196 S.E. 2d 706 (1973), *rehearing denied*, 285 N.C. 597 (1973). In the case before us, none of the three is shown.

The other assignments of error of the defendant have been considered and are overruled.

The defendant is awarded a new trial.

New trial.

Judges PARKER and CLARK concur.