STATE OF NORTH CAROLINA v. ELVIN FRANKS

No. 873SC174

(Filed 6 October 1987)

**Automobiles and Other Vehicles § 126.3— breathalyzer results—failure to establish operator's qualifications**

> The trial court in a DWI case committed reversible error in admitting testimony concerning the results of a breathalyzer test administered to defendant where the evidence showed only that the breathalyzer operator had a "certificate" to operate a Smith & Wesson Model 900 Breathalyzer but there was no evidence that he possessed a permit issued by the Department of Human Resources on the date he administered the breathalyzer test to defendant. N.C.G.S. § 20-139.1(b).

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 30 September 1986 in Superior Court, CARTERET County. Heard in the Court of Appeals 22 September 1987.

Defendant was convicted by a jury of operating a motor vehicle while subject to an impairing substance, in violation of G.S. 20-138.1. The court determined that Level Five punishment should be imposed and entered judgment imposing a fine and suspended sentence. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*L. Patten Mason, P.A., by L. Patten Mason, for defendant-appellant.*

MARTIN, Judge.

Defendant contends that the trial court committed reversible error by allowing into evidence testimony concerning the results of the breathalyzer test administered to him without first requiring the State to establish a proper foundation for such testimony. His contention has merit, entitling him to a new trial.

G.S. 20-139.1(b) provides:

Approval of Valid Test Methods; Licensing Chemical Analysts. — A chemical analysis, to be valid, must be performed in accordance with the provisions of this section. The chemical analysis must be performed according to methods approved by the Commission for Health Services by an individual possessing a current permit issued by the Department of Human Resources for that type of chemical analysis. The Commission for Health Services is authorized to adopt regulations approving satisfactory methods or techniques for performing chemical analyses, and the Department of Human Resources is authorized to ascertain the qualifications and competence of individuals to conduct particular chemical analyses. The Department may issue permits to conduct chemical analyses to individuals it finds qualified subject to periodic renewal, termination, and revocation of the permit in the Department's discretion.

This statute imposes two requirements which must be satisfied before the results of a breathalyzer test may be admitted into evidence: (1) the test must be "performed according to methods approved by the Commission for Health Services," and (2) it must be performed by someone "possessing a current permit issued by the

Department of Human Resources." *Id.; State v. Eubanks*, 283 N.C. 556, 196 S.E. 2d 706, *reh'g denied*, 285 N.C. 597 (1973) (decided under a former version of the statute, which placed regulatory authority in the State Board of Health).

In order to satisfy the second of these requirements, it is not obligatory that a copy of the necessary permit be introduced into evidence. *State v. Powell*, 10 N.C. App. 726, 179 S.E. 2d 785, *aff'd*, 279 N.C. 608, 184 S.E. 2d 243 (1971). The requirement can be satisfied:

> (1) by stipulation between the defendant and the State that the individual who administers the test holds a valid permit issued by the Department of Human Resources; or (2) by offering the permit of the individual who administers the test into evidence and in the event of conviction from which an appeal is taken, by bringing forward the exhibit as a part of the record on appeal; or (3) by presenting any other evidence which shows that the individual who administered the test holds a valid permit issued by the Department of Human Resources.

*State v. Mullis*, 38 N.C. App. 40, 41, 247 S.E. 2d 265, 266 (1978). The State failed in this case to show compliance with G.S. 20-139.1 (b) by any of these three methods.

On direct examination, Lt. Kent Overby, the officer who administered the breathalyzer test to defendant, was questioned, and answered, as follows:

> Q. And do you, in fact, sir, have a certificate to operate a Smith & Wesson Breathalyzer Model 900 that was in effect on the 3rd day of February 1986 [the date on which the breathalyzer test was administered]?
>
> A. Yes, sir, I do.

The State then attempted to introduce into evidence a permit to perform breath analysis tests issued to Lt. Overby by the N.C. Department of Human Resources. The court sustained defendant's objection to introduction of the permit as the permit showed that it was not issued until 10 March 1986, and therefore was not valid when Lt. Overby administered the test to defendant.

After a short recess, the following colloquy took place:

Q. (by Mr. Crowe [the prosecutor]) Mr. Overby, sir, you testified that you had had training with respect to a breathalyzer, is that correct, sir?

A. Yes, sir, that's correct.

Q. And state for the Court whether or not you had a permit that was in effect that was issued by the North Carolina Department of Human Resources to operates [sic] a Breathalyzer Model 900 Smith & Wesson on the date of February 3, 1986.

MR. MASON: Your Honor, under the circumstances, I would object on the grounds that the Best Evidence Rule would be the certificate itself. May counsel be heard?

THE COURT: Overruled.

Q. All right, sir. And how many breathalyzer tests have you ran [sic] in your career, sir?

The record does not reflect that Lt. Overby gave any answer to the prosecutor's question concerning whether he possessed a permit issued by the Department of Human Resources on the date he administered the breathalyzer test to defendant.

Thus, all that is shown by the evidence in the record before us is that on 3 February 1986, Lt. Overby had a "certificate" to operate a Smith & Wesson Model 900 Breathalyzer instrument. We find no evidence to show who issued the "certificate" to Lt. Overby. Therefore, it was error to admit Lt. Overby's testimony concerning the results of defendant's breathalyzer test, *State v. Mullis, supra; State v. Caviness*, 7 N.C. App. 541, 173 S.E. 2d 12 (1970); and such error entitles defendant to a new trial.

We have examined defendant's other assignments of error and find them without merit.

New trial.

Judges WELLS and EAGLES concur.