DILLON, Judge.
 

 *740
 
 Lucio Torres Martinez ("Defendant") appeals from a judgment entered upon a jury verdict finding him guilty of driving while impaired. We find no error.
 

 I. Background
 

 On 10 March 2013, Defendant was pulled over by a police officer after attempting to evade a checkpoint. Upon approaching the driver's side door of Defendant's vehicle, the officer detected a moderate odor of alcohol emanating from inside. Defendant provided the officer with an identification card, and the officer ran his information. The officer then
 
 *741
 
 returned to the vehicle and asked Defendant to step outside. Defendant stumbled as he exited, steadying himself on the door.
 

 Once Defendant was outside the vehicle, the officer began conducting field sobriety tests. It became clear that Defendant did not fully understand English. The officer called his dispatcher, who spoke Spanish, and put the dispatcher on speakerphone to translate his commands during the tests. As he conducted the tests, the officer noticed that the odor of alcohol had grown stronger. The officer then administered two portable breath tests, which both registered positively for the presence of alcohol. The officer placed Defendant under arrest for driving while impaired and took him to the Wake County Jail.
 

 After arriving at the jail, the officer conducted a chemical analysis of the alcohol content of Defendant's breath. Before beginning the test, the officer read Defendant his implied consent rights in English and gave him a Spanish language version of those same rights in written form. The officer called his dispatcher once more and placed him on speaker phone to answer any questions Defendant might have. Defendant signed the Spanish language version of the implied consent rights form and submitted to testing. The test results revealed that Defendant had a blood alcohol content of .13.
 

 Defendant was indicted with driving while impaired and habitual driving while impaired based on the 10 March 2013 incident. The matter came on for trial in superior court. Before jury selection began, Defendant stipulated to three prior convictions for driving while impaired. The jury found Defendant guilty of driving while impaired. The trial court arrested judgment on this conviction, entered a judgment for habitual driving while impaired based on Defendant's pretrial stipulation, and sentenced Defendant to prison for sixteen (16) to twenty-nine (29) months. Defendant appeals.
 
 [1]
 

 *348
 
 II. Analysis
 

 In his sole argument on appeal, Defendant contends that the trial court erred in admitting the results of the breath alcohol testing. Specifically, Defendant contends that N.C. Gen.Stat. § 20-16.2, which mandates that motorists be informed of their implied consent rights before being subjected to breath alcohol testing, requires that a motorist be informed orally of his or her implied consent rights in a language
 
 *742
 
 he or she fully understands before being subjected to such testing. According to Defendant, because he is not a native English speaker, and he was only orally informed of his implied consent rights in English before being subjected to breath alcohol testing, the results were inadmissible. We disagree.
 

 N.C. Gen.Stat. § 20-16.2(a) states that "[a]ny person who drives a vehicle on a highway or public vehicular area thereby gives consent to a chemical analysis if charged with an implied-consent offense." N.C. Gen.Stat. § 20-16.2(a) (2013). Our Supreme Court has held that the purpose of this statute is to promote cooperation between law enforcement and the driving public in the collection of scientific evidence, thereby ensuring public safety while safeguarding against the risk of erroneous driving privilege deprivation.
 
 Seders v. Powell,
 

 298 N.C. 453
 
 , 464-65,
 
 259 S.E.2d 544
 
 , 552 (1979). The statute provides that a law enforcement officer or chemical analyst who administers a breath alcohol test based on a suspected commission of an implied consent offense "shall" inform the motorist suspected of the offense "orally and also ... in writing" about his or her rights and the consequences of refusing to submit to testing. N.C. Gen. Stat § 20-16.2(a). However, the statute also provides that a person who is unconscious or is otherwise unable to refuse testing may nevertheless be subject to testing and that the requirements related to informing the motorist of his or her rights and the consequences of refusal are inapplicable.
 

 Id.
 

 § 20-16.2(b). Thus, neither the plain language nor the statutory purpose of § 20-16.2 disclose a legislative intent by our General Assembly to condition
 
 the admissibility
 
 of chemical analysis test results on a defendant's subjective understanding of the information officers and chemical analysts are required to disclose before conducting the testing.
 
 See, e.g.,
 

 State v. Carpenter,
 

 34 N.C.App. 742
 
 , 744,
 
 239 S.E.2d 596
 
 , 597 (1977) ("Having placed the information in writing before the defendant, the operator was not required to make defendant read it. If this were so, any belligerent or uncooperative defendant could defeat the evidence of the [ ] test results by merely refusing to read the information that was placed before him.").
 

 In the present case, we hold that the notice requirement of N.C. Gen.Stat. § 20-16.2(a) was met notwithstanding the fact that English is not Defendant's native language. The record reveals that Defendant was informed of his rights orally and in writing as required by statute, and that while the oral notification was in English, the written notification was in Spanish. There was no evidence presented to suggest that Defendant was illiterate in Spanish. In its enactment of the requirements of subsection (a) of N.C. Gen.Stat. § 20-16.2, we believe that the General
 
 *743
 
 Assembly intended to require the disclosure of the information set out in that subsection, but not to condition the admissibility of the results of chemical analysis on the defendant's understanding of the information thus disclosed.
 
 See
 

 Carpenter,
 

 34 N.C.App. at 744
 
 ,
 
 239 S.E.2d at 597
 
 . Therefore, we hold that the trial court did not err in allowing the test results to be admitted into evidence over Defendant's objection. Accordingly, this argument is overruled.
 

 III. Conclusion
 

 We believe that Defendant received a fair trial, free from error.
 

 NO ERROR.
 

 Judges GEER and HUNTER, JR., concur.
 

 [1]
 

 Defendant failed to enter a timely notice of appeal and has, therefore, petitioned our Court for certiorari. We hereby grant the petition.