ARROWOOD, Judge.
 

 *356
 
 Anthony James Squirewell II ("defendant") appeals from judgments entered upon his convictions for habitual impaired driving, speeding,
 
 *357
 
 possessing an open container of alcohol in the passenger area of a motor vehicle, resisting a public officer, and driving while license revoked for impaired driving. For the following reasons, we find no error in defendant's trial below.
 

 I.
 
 Background
 

 As a result of a traffic stop just after noon on 20 May 2014, defendant received North Carolina Uniform Citations for driving while impaired, speeding, providing false identifying information to the State Highway Patrol, driving while license revoked, consuming alcohol in the passenger area of a motor vehicle, and resisting a public officer. On 2 March 2015, a Forsyth County Grand Jury indicted defendant on charges of habitual impaired driving, speeding, driving while license revoked for impaired driving, possessing an open container of alcohol in the passenger area of a motor vehicle, and resisting a public officer.
 

 Prior to the case coming on for trial, defendant entered a guilty plea to driving while license revoked for impaired driving. The remaining charges were then tried before a jury in Forsyth County Superior Court beginning 14 November 2016, the Honorable Edwin G. Wilson, Jr., Judge presiding. On 15 November 2016, the jury returned verdicts finding defendant guilty of the remaining charges. The trial court consolidated the offenses for which the jury convicted defendant and entered judgment sentencing defendant to a term of 21 to 35 months imprisonment. The trial court entered a separate judgment sentencing defendant to a consecutive term
 
 *315
 
 of 120 days imprisonment for his guilty plea to driving while license revoked for impaired driving. Defendant timely appealed.
 

 II.
 
 Discussion
 

 Defendant raises the following two issues on appeal: whether the trial court erred by (1) allowing testimony to be admitted into evidence concerning the results of the chemical analysis of his breath test; and (2) denying his motion to dismiss the open container charge.
 

 A.
 
 Results of Chemical Analysis
 

 Defendant first contends the trial court erred in allowing a state trooper to testify about the results of the chemical analysis of his breath test because the State failed to provide an adequate foundation for the testimony. The trial court allowed the testimony into evidence at trial over defendant's objection.
 

 N.C. Gen. Stat. § 20-139.1
 
 provides that "a person's alcohol concentration or the presence of any other impairing substance in the person's
 
 *358
 
 body as shown by a chemical analysis is admissible in evidence."
 
 N.C. Gen. Stat. § 20-139.1
 
 (a) (2015). Yet, "[b]ecause so much weight and deference is given to a chemical analysis test, it is necessary that a proper foundation be laid before admitting evidence as to the outcome of a chemical analysis test in a driving while impaired case."
 
 State v. Roach
 
 ,
 
 145 N.C. App. 159
 
 , 161-62,
 
 548 S.E.2d 841
 
 , 844 (2001).
 

 A chemical analysis of the breath ... is admissible in any court or administrative hearing or proceeding if it meets both of the following requirements:
 

 (1) It is performed in accordance with the rules of the Department of Health and Human Services.
 

 (2) The person performing the analysis had, at the time of the analysis, a current permit issued by the Department of Health and Human Services authorizing the person to perform a test of the breath using the type of instrument employed.
 

 N.C. Gen. Stat. § 20-139.1
 
 (b). "In order to satisfy the second of these requirements, it is not obligatory that a copy of the necessary permit be introduced into evidence."
 
 State v. Franks
 
 ,
 
 87 N.C. App. 265
 
 , 267,
 
 360 S.E.2d 473
 
 , 474 (1987) (citing
 
 State v. Powell
 
 ,
 
 10 N.C. App. 726
 
 ,
 
 179 S.E.2d 785
 
 ,
 
 aff'd
 
 ,
 
 279 N.C. 608
 
 ,
 
 184 S.E.2d 243
 
 (1971) ). The second requirement is satisfied
 

 (1) by stipulation between the defendant and the State that the individual who administers the test holds a valid permit issued by the Department of Human Resources; or (2) by offering the permit of the individual who administers the test into evidence and in the event of conviction from which an appeal is taken, by bringing forward the exhibit as a part of the record on appeal; or (3) by presenting any other evidence which shows that the individual who administered the test holds a valid permit issued by the Department of Human Resources.
 

 State v. Mullis
 
 ,
 
 38 N.C. App. 40
 
 , 41,
 
 247 S.E.2d 265
 
 , 266 (1978).
 

 In this case, there was no stipulation and the State did not offer a permit into evidence. The State instead sought to provide a foundation for the results from the chemical analysis of defendant's breath test through the following testimony of the state trooper who performed the chemical analysis:
 

 *359
 
 Q..... Now, are you a certified chemical analyst?
 

 A. Yes, sir.
 

 Q. What is that?
 

 A. That's a person that has been deemed properly, that's done the procedures and has been certified by the Department of Human Resources to perform chemical breath analysis.
 

 Q. Using the ECIR2?
 

 A. Yes, sir.
 

 Defendant contends this testimony was insufficient to lay a proper foundation for the trooper's testimony because there is no indication that the trooper was certified at the time he administered the chemical analysis test to defendant. Defendant cites only this Court's decisions in
 
 State v. Franks
 
 ,
 
 87 N.C. App. 265
 
 ,
 
 360 S.E.2d 473
 
 (1987), and
 
 State v. Roach
 
 ,
 
 145 N.C. App. 159
 
 ,
 
 548 S.E.2d 841
 
 (2001). In both
 
 Franks
 
 and
 
 Roach
 
 , this Court granted the defendants new trials because
 
 *316
 
 the State failed to provide an adequate foundation for the admission of breath analysis results. Upon review, we are not convinced the trial court erred in the present case, which is easily distinguished from
 
 Franks
 
 and
 
 Roach
 
 .
 

 In
 
 Franks
 
 , in order to establish the necessary foundation for an officer's testimony regarding the results of the defendant's chemical analysis, the State elicited testimony from the officer that he had a certificate to operate a particular breathalyzer test on the day he conducted the chemical analysis on the defendant.
 
 87 N.C. App. at 267
 
 ,
 
 360 S.E.2d at 474-75
 
 . The State then sought to introduce a permit.
 
 Id
 
 . at 267,
 
 360 S.E.2d at 475
 
 . Because the permit showed that it was not issued until after the officer administered the test to the defendant, the trial court sustained the defense's objection to the admission of the permit.
 
 Id
 
 . The State then sought to elicit testimony from the officer to clarify that he did in fact have a permit issued by the North Carolina Department of Human Resources at the time he conducted the defendant's breath analysis.
 
 Id
 
 . at 268,
 
 360 S.E.2d at 475
 
 . The defense again objected on grounds that the best evidence would be the permit itself.
 
 Id
 
 . Although the trial court overruled the defense's objection, the record did not reflect that the officer ever answered the State's question.
 
 Id
 
 . Thus, this Court held the trial court erred in admitting the chemical analysis results because the record evidence showed only that the officer had a certificate to operate the particular breathalyzer instrument at the relevant time; it did not show who issued the certificate.
 
 Id
 
 .
 

 *360
 
 In
 
 Roach
 
 , the State introduced evidence of appreciable impairment and the results of a chemical analysis of the defendant's breath test to support a driving while impaired charge.
 
 145 N.C. App. at 159-60
 
 ,
 
 548 S.E.2d at 842-43
 
 . The only evidence in
 
 Roach
 
 regarding the trooper's qualifications to conduct the chemical analysis was the trooper's testimony that he had trained on the particular breathalyzer device used for the defendant's chemical analysis.
 
 Id
 
 . at 160,
 
 548 S.E.2d at 843
 
 . On appeal, the State admitted that "[the trooper] did not testify at trial that he possessed a permit issued by the Department of Health and Human Services," but urged this Court to "overrule the
 
 Franks
 
 holding as 'too narrow and unduly formalistic for today's world.' "
 
 Id
 
 . at 161,
 
 548 S.E.2d at 843-44
 
 . This Court recognized it could not overrule
 
 Franks
 
 ,
 
 see
 

 In re Civil Penalty
 
 ,
 
 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989), and instead held the trial court erred in allowing results of the chemical analysis into evidence because the State failed to lay a sufficient foundation.
 
 Roach
 
 ,
 
 145 N.C. App. at 161-62
 
 ,
 
 548 S.E.2d at 844
 
 . Furthermore, although there was evidence of appreciable impairment that also supported the jury verdict in
 
 Roach
 
 , this Court held that "[i]t is prejudicial error for the court to allow the arresting officer who administered a chemical analysis to testify as to the results of that analysis, even when there was other sufficient evidence in the record to support a guilty verdict."
 
 Id
 
 . at 162,
 
 548 S.E.2d at 844
 
 .
 

 As detailed above, the state trooper in this case testified that he was certified by the Department of Human Resources to perform chemical breath analysis using the ECIR2 machine. The trooper further testified that defendant's breath analysis was conducted on the ECIR2 machine and that he set up the ECIR2 machine in preparation for defendant's test according to the procedures established by the Department. The trooper then testified further about those specific procedures and that he followed the procedures in this instance. The trooper stated that the machine worked properly and produced a result for defendant's breath test. Although the trooper did not explicitly state that he had a Department issued permit to conduct chemical analysis on the day he conducted defendant's breath test, which is certainly best practice, we hold the trooper's testimony that he was certified to conduct chemical analysis by the Department and that he performed the chemical analysis according to the Department's procedures was adequate in this case to lay the necessary foundation for the admission of chemical analysis results.
 
 See
 

 State v. Eubanks
 
 ,
 
 283 N.C. 556
 
 , 563,
 
 196 S.E.2d 706
 
 , 710-11 (1973) (upholding the admission of chemical analysis results where the officer testified that he attended breathalyzer operator's school, that he had a certificate issued by the North
 
 *317
 
 Carolina State Board of Health to
 
 *361
 
 perform chemical analysis of the breath, and that he followed rules and regulations he received when he was certified on this particular occasion).
 

 B.
 
 Possession of an Open Container
 

 Defendant also contends the trial court erred in denying his motion to dismiss the open container charge because there was insufficient evidence that the open container belonged to him.
 

 " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' "
 
 State v. Fritsch
 
 ,
 
 351 N.C. 373
 
 , 378,
 
 526 S.E.2d 451
 
 , 455 (quoting
 
 State v. Barnes
 
 ,
 
 334 N.C. 67
 
 , 75,
 
 430 S.E.2d 914
 
 , 918 (1993) ),
 
 cert. denied
 
 ,
 
 531 U.S. 890
 
 ,
 
 121 S.Ct. 213
 
 ,
 
 148 L.Ed. 2d 150
 
 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
 
 State v. Smith
 
 ,
 
 300 N.C. 71
 
 , 78-79,
 
 265 S.E.2d 164
 
 , 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor."
 
 State v. Rose
 
 ,
 
 339 N.C. 172
 
 , 192,
 
 451 S.E.2d 211
 
 , 223 (1994),
 
 cert. denied
 
 ,
 
 515 U.S. 1135
 
 ,
 
 115 S.Ct. 2565
 
 ,
 
 132 L.Ed. 2d 818
 
 (1995).
 

 Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.
 

 Fritsch
 
 ,
 
 351 N.C. at 379
 
 ,
 
 526 S.E.2d at 455
 
 (citation, quotation marks, and emphasis omitted). "This Court reviews the trial court's denial of a motion to dismiss
 
 de novo
 
 ."
 
 State v. Smith
 
 ,
 
 186 N.C. App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007).
 

 The offense of possessing an open container of alcohol is defined in
 
 N.C. Gen. Stat. § 20-138.7
 
 (a1). That section provides that "[n]o person shall possess an alcoholic beverage other than in the unopened
 
 *362
 
 manufacturer's original container, or consume an alcoholic beverage, in the passenger area of a motor vehicle while the motor vehicle is on a highway or the right-of-way of a highway. ..."
 
 N.C. Gen. Stat. § 20-138.7
 
 (a1) (2015).
 

 In the present case, the evidence was that there was an open beer can "near the console area of the vehicle[ ]" that defendant was driving when he was pulled over. There were two passengers in the vehicle with defendant, one in the front passenger seat and one in the back seat. The question on appeal is whether there is evidence defendant possessed the open beer can.
 

 This Court has explained that
 

 [p]ossession of any item may be actual or constructive. Actual possession requires that a party have physical or personal custody of the item. A person has constructive possession of an item when the item is not in his physical custody, but he nonetheless has the power and intent to control its disposition.
 

 State v. Alston
 
 ,
 
 131 N.C. App. 514
 
 , 519,
 
 508 S.E.2d 315
 
 , 318 (1998) (citations omitted),
 
 superseded in part on other grounds by statute as stated in
 

 State v. Gaither
 
 ,
 
 161 N.C. App. 96
 
 , 104,
 
 587 S.E.2d 505
 
 , 510 (2003),
 
 disc. review denied
 
 ,
 
 358 N.C. 157
 
 ,
 
 593 S.E.2d 83
 
 (2004). "[C]onstructive possession depends on the totality of the circumstances in each case. No single factor controls, but ordinarily the questions will be for the jury."
 
 State v. Butler
 
 ,
 
 147 N.C. App. 1
 
 , 11,
 
 556 S.E.2d 304
 
 , 311 (2001),
 
 affirmed
 
 ,
 
 356 N.C. 141
 
 ,
 
 567 S.E.2d 137
 
 (2002) (quotation marks, citation, and emphasis omitted). "In car cases, ... [a]n inference of constructive possession can ... arise from evidence which tends to show that a defendant was the custodian of the vehicle where the [item] was found."
 

 *318
 

 State v. Best
 
 ,
 
 214 N.C. App. 39
 
 , 46-47,
 
 713 S.E.2d 556
 
 , 562 (quotation marks and citations omitted),
 
 disc. rev. denied
 
 ,
 
 365 N.C. 361
 
 ,
 
 718 S.E.2d 397
 
 (2011). But, "[w]hen ... the defendant [does] not have exclusive control of the location where [the item] is found, constructive possession of the [item] may not be inferred without other incriminating circumstances."
 
 State v. Clark
 
 ,
 
 159 N.C. App. 520
 
 , 525,
 
 583 S.E.2d 680
 
 , 683 (2003) (quotation marks and citation omitted).
 

 There was no evidence in this case that defendant ever had actual possession of the open can of beer. Moreover, because there were two passengers in the vehicle with defendant, defendant did not have exclusive control of the console area. Thus, there must be other incriminating circumstances to infer defendant had constructive possession of the
 
 *363
 
 open beer can. Defendant contends there were no such circumstances in this case. We disagree.
 

 Besides the evidence that there was an open can of beer near the console area of the vehicle defendant was driving, which was visible to the state trooper upon his approach to the driver's side of the vehicle, the evidence also showed that defendant initially provided the state trooper a false name, defendant's eyes were red and glassy, there was a strong odor of alcohol coming from the vehicle, and defendant's speech was slurred. The state trooper further testified that he had defendant come back to his patrol car for further questioning. At that time, the trooper noticed an odor of alcohol on defendant's breath and defendant admitted that he had consumed a beer that morning. In fact, defendant told the trooper "that he had had tequila the night before and had freshened it up with a beer that morning."
 

 We hold this evidence, when viewed in the light most favorable to the State, provided sufficient other incriminating circumstances to support a reasonable inference that the open container of beer belonged to defendant. Thus, it was proper for the trial court to deny defendant's motion to dismiss the open container charge and allow the jury to determine defendant's guilt.
 

 III.
 
 Conclusion
 

 For the reasons discussed, we hold defendant received a fair trial free of error.
 

 NO ERROR.
 

 Judges BRYANT and MURPHY concur.