STATE OF NORTH CAROLINA v. OBIE GEORGE HILL

No. 7618SC571

(Filed 15 December 1976)

1. **Automobiles § 120— driving while blood contains .10 percent alcohol — source of alcohol immaterial**

    Defendant's contention that the source of the proscribed alcohol in G.S. 20-138(b) must be an intoxicating beverage rather than cough syrup is without merit, since a person whose blood contains .10 percent or more by weight of alcohol, regardless of the source of the alcohol, and who drives upon the highways within the State violates G.S. 20-138(b).

2. **Automobiles §§ 120, 129— driving while blood contains .10 percent alcohol — guilty knowledge not element of offense — instructions proper**

    Guilty knowledge is not an element of the crime of operating a vehicle upon the highways of the State when the amount of alcohol in one's blood is .10 percent or more by weight; therefore, in a prosecution of defendant for that crime where he claimed that he innocently imbibed alcohol in the form of cough medicine, the trial court did not err in failing to instruct that, in order to violate G.S. 20-138(b), appellant must have known or had reasonable grounds to believe that he was drinking alcohol.

3. **Automobiles § 129— driving while blood contained .10 percent alcohol — breathalyzer reading — no instruction as to rebuttable presumption**

    In a prosecution of defendant for driving when his blood contained .10 percent or more by weight of alcohol, it was not error for the trial court to fail to instruct that evidence of a breathalyzer test reading was rebuttable on the issue of whether defendant's blood level was .10 percent or higher by weight, since no presumption as to intoxication arose from the evidence.

APPEAL by defendant from *Long, Judge.* Judgment entered 14 April 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 November 1976.

Defendant was charged with the unlawful and willful operation of a motor vehicle on a public street while under the influence of intoxicating liquor. At the *de novo* trial in superior court, two police officers testified that they first saw defendant in a restaurant, and that defendant appeared to have been drinking. They later observed defendant drive away from the restaurant. Defendant's driving was erratic, and he swerved back and forth in his lane of traffic, crossing the yellow line.

The officers stopped defendant's car. They smelled alcohol on defendant's breath, and he was asked to perform certain tests of balance and dexterity which the officers said he performed poorly. Defendant was arrested, administered a breathalyzer test, and he "blew" .10 percent. At the time the test was administered, defendant told the officers that he had consumed one beer in addition to drinking Nyquil cough medicine.

Defendant testified that he had not drunk any beer, but that he had been drinking Vick's Formula 44 cough syrup, which, unknown to him at the time, is 10 percent alcohol. He also testified that he read poorly and that he did not realize the cough medicine contained alcohol.

The jury found defendant not guilty of driving under the influence of intoxicating liquor, but guilty of the lesser charge of driving with .10 percent alcohol in his blood, a violation of G.S. 20-138(b). Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Richard L. Griffin, for the State.*

*Hubert E. Seymour, Jr., for defendant appellant.*

ARNOLD, Judge.

Appellant was charged with violating G.S. 20-138(a) and convicted of violating G.S. 20-138(b). The statute itself provides:

"(a) It is unlawful . . . for any person who is under the influence of intoxicating liquor to drive or operate any vehicle upon any highway . . . within this State.

"(b) It is unlawful for any person to operate any vehicle upon any highway . . . within this State when the amount of alcohol in such person's blood is 0.10 percent or more by weight . . . . An offense under this subsection shall be treated as a lesser included offense of the offense of driving under the influence."

[1] Since G.S. 20-138(b) is treated as a lesser included offense within G.S. 20-138(a) defendant contends that the sources of the proscribed alcohol in G.S. 20-138(b) must be an intoxicating beverage. He supports this argument by asserting that G.S. 20-139, forbidding one to drive while under the influence of any drug, covers non-beverage alcohol. Defendant cites no authority for his position, and we find it untenable.

The primary purpose for which the General Assembly enacted G.S. 20-138(b) is to regulate conduct for the safety of the public using the State's highways. It would be contrary to the legislative intent of G.S. 20-138(b) to read into it a requirement that the source of alcohol be intoxicating beverage as required in G.S. 20-138(a). A person whose blood contains .10 percent or more by weight of alcohol, regardless of the source of the alcohol, and who drives upon the highways within the State violates G.S. 20-138(b).

[2] Appellant next argues that because he innocently imbibed alcohol in the form of cough medicine he lacked the guilty intent, the *mens rea,* which is an element of many common law crimes. Thus, he argues, the judge erred in failing to instruct that, in order to violate G.S. 20-138(b), appellant must have known or had reasonable grounds to believe that he was drinking alcohol. We disagree. As is well said in 1 Burdick, Law of Crime § 129j (1946):

"The legislature may deem certain acts, although not ordinarily criminal in themselves, harmful to public safety, health, morals and the general welfare, and by virtue of its police power may absolutely prohibit them, either expressly or impliedly by omitting all references to such terms as 'knowingly', 'wilfully', 'intentionally' and the like. Such statutes are in the nature of police regulations, and it is well established that the legislature may for the protection of all the people, punish their violation without regard to the question of guilty knowledge. . . . "

The statute in question, G.S. 20-138(b), speaks absolutely. It is in the same category as our speed limit statutes. See, G.S. 20-141(b). Unlike our reckless driving statute, G.S. 20-140, it does not use the word "willful." Neither does it use the words "knowing" or "intentional." "When the language [of a statute] is plain and positive, and the offense is not made to depend upon the positive, wilful intent and purpose, nothing is left to interpretation." *State v. McBrayer,* 98 N.C. 619, 623, 2 S.E. 755 (1887). Guilty knowledge is not an element of G.S. 20-138(b).

[3] Finally, citing *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165 (1967), appellant asserts that he was entitled to special instructions emphasizing that the jury was free to disbelieve the breathalyzer reading. If defendant desired a special instruction further explaining the breathalyzer evidence he should have requested it. See, *State v. Boyd,* 278 N.C. 682, 180 S.E. 2d 794 (1971). The State's position is that the statutory offense for which defendant was convicted was enacted since *Cooke.* More importantly, G.S. 20-139.1, as it existed when *Cooke* was decided, created a "presumption" of intoxication for driving under the influence when the breathalyzer blood alcohol reading was .10 percent or higher. That presumption is no longer contained in G.S. 20-139.1. Since no presumption arose from the evidence, it was not error to fail to instruct that the breathalyzer evidence was rebuttable on the issue of whether the blood level was .10 percent or higher by weight. We agree with this position.

In the trial court's decision we find

No error.

Judges MORRIS and CLARK concur.