666 P.2d 1083

The STATE of Arizona, Appellee,

v.

Donald William PARKER, Appellant.

No. 1 CA–CR 6077.

Court of Appeals of Arizona,
Division 1.

April 21, 1983.

Rehearing Denied May 27, 1983.

Review Denied July 19, 1983.

Andy Baumert, City Atty. by George H. Bonsall, Phoenix, for appellee.

Minne & Sorenson by Roger J. Blake, Phoenix, for appellant.

OPINION

BIRDSALL, Judge.

This appeal is from a conviction of DWI in the Phoenix city court which was affirmed on appeal to the superior court. This appeal is permitted by A.R.S. § 22–375 because the appellant questions the constitutionality of the DWI statute A.R.S. § 28–692(A). *And see State v. Renteria,* 126 Ariz. 591, 617 P.2d 543 (App.1979).

The appellant's attack on the constitutionality of the statute is two-fold:

1) it is vague where no chemical test has been obtained, and

2) it does not provide for any culpable mental state and thus violates due process.

We disagree with both propositions and affirm.

The language of the statute which is under attack provides:

"A. It is unlawful . . . for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state . . . ."

The appellant's vagueness claim is directed to the words "under the influence". This language was interpreted over 50 years ago in *Hasten v. State,* 35 Ariz. 427, 280 P. 670 (1929) to mean "in the slightest degree". This meaning has been used in our courts ever since. Neither the statute nor this judicial definition is vague. This very constitutional question was urged in *Weston v. State of Arizona,* 49 Ariz. 183, 65 P.2d 652 (1937) and decided adversely to the appellant's contention here.

The appellant's argument that the absence of a chemical test somehow makes the

statutory language vague is not persuasive. The statute § 28–692(B) does nothing more than create presumptions where there has been a chemical test. The presumption that the defendant was not under the influence if his blood-alcohol reading was 0.05 is not necessarily inconsistent with an instruction that under the influence means that his ability to drive and control a motor vehicle is impaired, *even to the slightest degree.* Besides, this presumption operates to a defendant's benefit. We do not agree with the appellant that the legislature and the judiciary are in conflict. Nor do we agree. with the Kansas court in *City of Topeka v. Martin,* 4 Kan.App.2d 218, 604 P.2d 73 (1979), cited by the appellant, which held that since the legislature created a statutory presumption of noninfluence the definition "to the slightest degree" must be rejected. *See Brooks v. State,* 41 Md.App. 123, 395 A.2d 1224 (1979); *United States v. Channel,* 423 F.Supp. 1017 (D.Md.1976); *People v. Cruz,* 48 N.Y.2d 419, 399 N.E.2d 513, 423 N.Y.S.2d 625 (1979). We believe the presumptions and the definition can both exist and pass constitutional muster. *See also State v. Harold,* 74 Ariz. 210, 246 P.2d 178 (1952) (declaring the legislative presumptions constitutional).

█ We reject the appellant's argument that a person who drinks and drives is entitled to rely on any of the publicity concerning "safe", "intermediate" and "danger" zones, even those replete with charts showing body weight, number of drinks consumed, time of last meal, and other factors. We do not interpret the presumption of non-influence below 0.05 as a grant of legislative permission to drive after drinking. Rather, the person who insists on driving after drinking must be held to the "slightest degree" standard of conduct.

█ The appellant's second argument ignores the well-established classification of crimes as malum in se or malum prohibi-tum. DWI is the latter, an offense which is wrong because it is prohibited by law. It does not require proof of a culpable mental state. *See* A.R.S. § 13–202(B);[1] *State v. Cutshaw,* 7 Ariz.App. 210, 437 P.2d 962 (1968). A recent Alaska case considered the question whether a DWI defendant should be required to know he was under the influence. *Morgan v. Municipality of Anchorage,* 643 P.2d 691 (Alaska App.1982). In finding no due process violation, the court used the following language which we consider worthy of repetition:

> "It certainly does not make sense to allow a defendant to claim that his intentional consumption of alcohol impaired his ability to know that he was intoxicated. It does make sense to require a person who drinks and drives to be responsible for not drinking to the point where he is under the influence of alcohol. He should drive at his peril rather than only at the public's peril." 643 P.2d at 692.

*See also State v. Hill,* 31 N.C.App. 733, 230 S.E.2d 579 (1976).

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.

NOTE: This case was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).

---

1. "B. If a statute defining an offense does not expressly prescribe a culpable mental state that is sufficient for commission of the offense, no culpable mental state is required for the commission of such offense, and the offense is one of strict liability unless the proscribed conduct necessarily involved a culpable mental state. If the offense is one of strict liability, proof of a culpable mental state will also suffice to establish criminal responsibility."