698 P.2d 732

**STATE of Arizona, Appellee,**

v.

**Glen Ivan WILLIAMS, Appellant.**

**No. 6478–PR.**

Supreme Court of Arizona,
In Banc.

April 30, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Law Offices Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

CAMERON, Justice.

This is a petition for review of a memorandum opinion and decision of the Court of Appeals affirming the conviction of defendant, Glen Ivan Williams, for driving while under the influence of intoxicating liquor with a suspended license, A.R.S. § 28–692.02, and with two prior driving

under the influence of intoxicating liquor convictions, A.R.S. § 28–692.01 and two prior felony convictions, A.R.S. § 13–604. He was sentenced to four years in custody. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3), A.R.S. § 12–120.24 and Rule 31.19, Arizona Rules of Criminal Procedure, 17 A.R.S.

Defendant raised two issues in his petition for review. We granted the petition for review to consider only one issue:

> Must a defendant know that his license has been suspended before he may be convicted of driving while under the influence with a suspended license pursuant to A.R.S. § 28–692.02(A).

The facts necessary for a determination of this matter are as follows: On 22 January 1982 and again on 1 March 1982, the Department of Transportation mailed to defendant a notice of suspension of his driver's license for non-compliance with Arizona's implied consent law. The letters were returned to the Department of Transportation as unclaimed or undeliverable. On 7 June 1982, defendant received a new license to replace his expired license.

On 19 August 1982, the Deparatment of Transportation sent a third notice of suspension. This time the notice was received by defendant. The notice stated that defendant's driving privileges would be revoked within 15 days "unless the Department receives [a] written request for a hearing on or before that date." According to the Department of Transportation, no request was made for a hearing and defendant's license was suspended on 7 September 1982.

On 10 October 1982, defendant was arrested for driving while intoxicated and with a suspended license, a class 5 felony, A.R.S. § 28–692.02.

Defendant's first trial on 17 March 1983 ended in a dismissal or mistrial[1] because of an error in the grand jury indictment. Defendant's second trial commenced 19 July

1983. Defendant testified that after receiving the notice of suspension on 19 August 1982 he did, in fact, request a hearing and timely mailed such request to the Department. He further testified that he did this after consulting with an attorney. Defendant's mother supported this testimony. The regional manager of the Department of Transportation, Albert Brichta, testified that had defendant requested a hearing his license would have remained valid until after the hearing. He further testified that the Department had no record of defendant's hearing request.

Defendant requested that the jury be instructed that the State must prove "that the defendant knew or should have known that his [driver's] license was suspended or revoked." The trial judge denied this request, charging the jury that the State must prove, only that "[a]t the time of the offense the defendant's license to drive in Arizona had been revoked, suspended, cancelled or refused." Defendant contends that by refusing to give his requested charge, the trial court improperly turned the crime of driving while intoxicated and with a suspended license, A.R.S. § 28–692.-02, into a strict liability offense. We agree.

■ The requirement that in a criminal case the State demonstrate some degree of wrongful intent is the rule rather than the exception. Strict liability applies only where there is a clear legislative intent that the crime does not require any degree of mens rea. *Spitz v. Municipal Court*, 127 Ariz. 405, 407, 621 P.2d 911, 913 (1980). Our statute states:

> If a statute defining an offense does not expressly prescribe a culpable mental state that is sufficient for commission of the offense, no culpable state is required for the commission of such offense, and the offense is one of strict liability unless the prescribed conduct necessarily involves a culpable mental state.

---

1. The matter was ordered dismissed by the trial court but as the Court of Appeals noted, it was actually a mistrial.

A.R.S. § 13–202(B). This statute has been interpreted as applying to Title 28 offenses. *See State v. Parker*, 136 Ariz. 474, 475, 666 P.2d 1083, 1084 (App.1983); *see also* Gerber, *Criminal Law of Arizona*, comment to § 13–202 (1978).

■ Although A.R.S. § 28–692.02 contains no language concerning mens rea, we believe "driving without a license" necessarily involves a "culpable mental state." The State must show that the driver knew or should have known that the license has been suspended. The Department of Transportation evidently agrees as they do not suspend a driver's license until they are certain, as indicated by the return receipt or response of the driver, that the driver has, in fact, received the notice of suspension.

■ In the instant case, the suspension notice stated that the license would be suspended within 15 days unless the Department received a written request for a hearing. This language indicates that if a defendant timely notifies the Department that he wants a hearing the suspension will be held in abeyance until the hearing is concluded. This not only represents the view of the Department of Transportation but comports with minimum standards of due process. Of course, once the State has shown that the license was suspended, defendant has the burden of showing that he in fact mailed the letter and that the Department received it. As in all appeals, it is the appealing party's responsibility to ensure that the appeal has been properly initiated. *See* 1 *Arizona Appellate Handbook*, § 1.1 (1983).

The State points out, however, that our Court of Appeals has held that as to intoxication a culpable mental state is not required. In a case where the driver contended that the statute was unconstitutional because it did not provide for a culpable mental state, the Court of Appeals stated:

The appellant's * * * argument ignores the well-established classification of crimes as malum in se or malum prohibitum. DWI is the latter, an offense which is wrong because it is prohibited

by law. It does not require proof of a culpable mental state. See A.R.S. § 13–202(B); *State v. Cutshaw*, 7 Ariz.App. 210, 437 P.2d 962 (1968).

*State v. Parker, supra* at 475, 666 P.2d at 1084 (footnote omitted). The Court of Appeals in *Parker* cited with approval the Alaska Court of Appeals which stated:

"It certainly does not make sense to allow a defendant to claim that his intentional consumption of alcohol impaired his ability to know that he was intoxicated. It does make sense to require a person who drinks and drives to be responsible for not drinking to the point where he is under the influence of alcohol. He should drive at his peril rather than only at the public's peril." 643 P.2d at 692. See also *State v. Hill*, 31 N.C. App. 733, 230 S.E.2d 579 (1976).

*Morgan v. Municipality of Anchorage*, 643 P.2d 691 (Alaska App.1982). We agree with this reasoning as to intoxication. The suspension of a license is, however, different. A driver needs to know he does not have a license before he can be punished for driving without one even if he is driving while intoxicated, which does not require intent. There are sound policy reasons for this, from problems which could arise from mistaken identity to the possible voiding of automobile accident insurance of one who does not know his driving privileges have been suspended. In the latter case, the public could suffer because of disputed questions of lack of coverage of a driver who in good faith believed he had a valid license and, therefore, coverage. Considering the mistakes and errors that can occur in any administrative office the size of the Department of Transportation, the danger of unknown or mistaken suspensions is too great to allow a felony conviction to be based upon suspensions without knowledge.

Reversed and remanded for new trial.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.