NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL BRANIN, *Appellant.*

No. 1 CA-CR 16-0496
FILED 4-4-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-129010-001
The Honorable David V. Seyer, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

¶1        Michael Branin appeals his convictions of two counts of aggravated driving under the influence ("DUI") and the resulting sentences.  Branin's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Branin was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm Branin's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Early one morning in April 2015, Phoenix Police Officer Nosal pulled Branin over for a traffic violation.  Officer Nosal noticed Branin had bloodshot eyes and an odor of alcohol coming from his breath.  After Branin failed three field sobriety tests, he was arrested and transported to a police checkpoint.  There, Branin was read his *Miranda*[1] rights and informed of Arizona's implied consent law under Arizona Revised Statutes ("A.R.S.") § 28-1321,[2] and he consented to a blood draw.  Testing showed he had a blood alcohol concentration ("BAC") of 0.164.

¶3        Branin's driver's license was suspended at the time because of a DUI in December 2014.  During the proceedings for that offense, Branin was informed that his license would be suspended for at least 90 days, and that reinstatement would require compliance with several requirements.  Over the next few months, the Motor Vehicle Division sent Branin three notices of suspension advising him of the reinstatement requirements.

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]        Absent material revisions after the relevant date, we cite a statute's current version.

Although the initial 90-day period had passed, Branin had not completed the reinstatement requirements, so his license remained suspended at the time of the instant DUI.

¶4 The State charged Branin with two counts of aggravated DUI: (1) driving while impaired with a suspended license and (2) driving with a BAC of 0.08 or more with a suspended license. A.R.S. §§ 28-1381(A)(1) ("impaired to the slightest degree"), (A)(2) ("alcohol concentration of 0.08 or more within two hours of driving"), -1383(A)(1) (DUI committed "while the person's driver license or privilege to drive is suspended"); *see also State v. Williams*, 144 Ariz. 487, 489 (1985) (noting the additional requirement that "the driver knew or should have known that the license has been suspended"). Branin testified at trial and admitted that he had been driving while impaired by alcohol, and he did not contest that his BAC level was above .08. He claimed, however, that he did not know at the time that his license was suspended.

¶5 A jury found Branin guilty as charged. The superior court sentenced Branin to concurrent terms of four months' imprisonment followed by two years' probation, with credit for one day of presentence incarceration. Branin timely appealed.

**DISCUSSION**

¶6 We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶7 Branin was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Branin all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to establish the elements of both charges, including that Branin knew or should have known that his license was suspended. Branin's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

¶8 Branin's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Branin's representation in this appeal will end after informing Branin of the outcome

of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Branin has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA