IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT ANGEL GOMEZ, *Appellant*.

No. 1 CA-CR 17-0774
FILED 2-26-2019

Appeal from the Superior Court in Maricopa County
No.  CR2015-144306-001
The Honorable James R. Rummage, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

**OPINION**

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

**J O H N S E N**, Judge:

**¶1**        Robert Angel Gomez was convicted of two counts of aggravated driving while under the influence with a passenger under 15 years of age.  He now argues Arizona Revised Statutes ("A.R.S.") section 28-1383(A)(3) (2019) required the State to prove he knew his passenger was younger than 15 and that the superior court erred by failing to so instruct the jury.[1]  We hold the defendant's knowledge of the passenger's age is not an element of the offense and affirm the convictions.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Gomez crashed his car while driving a 14-year-old girl home from a party one night.  He did not know the girl well and did not know how old she was.  At the scene, police found a bottle of pills in Gomez's car and he admitted smoking marijuana earlier in the day.

**¶3**        As relevant here, Gomez was charged with two counts of aggravated driving while under the influence ("DUI") with a passenger under 15 years of age, each a Class 6 felony.  A.R.S. § 28-1383(A)(3).  Before trial, Gomez asked the superior court to instruct the jury that the State must prove he knew his passenger was younger than 15.  The court declined to give the instruction, and the jury convicted him of both charges, along with four other felony offenses.  The superior court sentenced him on the DUI offenses to two concurrent one-year terms of imprisonment.

**¶4**        Gomez timely appealed, challenging only his convictions under § 28-1383(A)(3).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).

## DISCUSSION

**¶5**        Gomez argues § 28-1383 required the State to prove he knew his passenger was younger than 15 at the time he committed the DUI offenses.  This is a legal issue that we review *de novo*.  *See State v. Falcone*, 228 Ariz. 168, 170, ¶ 9 (App. 2011).  "Our task in interpreting the meaning of a statute is to fulfill the intent of the legislature that wrote it." *State v. Williams*, 175 Ariz. 98, 100 (1993).  We first examine the statute's words. *Id.* If the meaning of the text is unclear, we then consider other factors such as the statute's context, history, subject matter, effects and consequences, spirit

---

[1]        Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

and purpose. *Mail Boxes v. Indus. Comm'n*, 181 Ariz. 119, 122 (1995). Toward that end, we also examine statutes that are *in pari materia*, meaning those of the same subject or general purpose. *See Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017).

**¶6**        In relevant part, § 28-1383 states:

> A.  A person is guilty of aggravated driving . . . while under the influence of intoxicating liquor or drugs if the person does any of the following:
>
>                        *        *        *
>
> 3.  While a person under fifteen years of age is in the vehicle, commits [driving under the influence under A.R.S. §§ 28-1381 (2019) or -1382 (2019).]

**¶7**        The statute specifies no *mens rea* for the crime.  When a statute defines an offense but "does not expressly prescribe a culpable mental state that is sufficient for commission of the offense, no culpable mental state is required . . . , and the offense is one of strict liability unless the proscribed conduct necessarily involves a culpable mental state."  A.R.S. § 13-202(B) (2019); *see also State v. Parker*, 136 Ariz. 474, 475 (App. 1983) (§ 13-202 applies to Title 28 offenses).  Under § 13-202(B), we will construe a statute to create a strict-liability offense "only when there appears to be a clear legislative intent not to require any particular mental state for the commission of the crime."  *State v. Slayton*, 214 Ariz. 511, 514, ¶ 12 (App. 2007).

**¶8**        Applying § 13-202(B), because § 28-1383(A)(3) does not specify a culpable mental state, the statute creates a strict-liability offense "unless the proscribed conduct necessarily involves a culpable mental state."  Gomez argues we must imply a *mens rea* in § 28-1383(A)(3) based on the legislature's intent, as evidenced by the statutory scheme and history.

**¶9**        We begin by observing that the statute's two predicate offenses do not require proof of a culpable mental state.  *See* A.R.S. §§ 28-1381 (driving under the influence); -1382 (driving under extreme influence); *State v. Zaragoza*, 221 Ariz. 49, 54, ¶ 20 (2009).  Section 28-1383(A) provides that one who commits either of those two DUI offenses under one of five specific circumstances will be guilty of "aggravated driving or actual physical control while under the influence."  *See* A.R.S. § 28-1383(A)(1) ("while the person's driver license . . . is suspended, canceled, revoked or refused" as a result of a prior DUI offense); -(A)(2) (with multiple prior DUI violations within 84 months); -(A)(3) (with a passenger under 15 years of

age); -(A)(4) (while required to use an interlock device); -(A)(5) (while driving the wrong way on a highway).

¶10      Section 28-1383 does not specify a culpable mental state for any of the five means of committing the crime of aggravated driving under the influence. In *State v. Williams*, 144 Ariz. 487 (1985), however, our supreme court held that a conviction under § 28-1383(A)(1) requires proof the defendant knew or should have known his or her license was suspended, canceled, revoked or refused for a prior DUI offense. 144 Ariz. at 489. At issue in that case was a predecessor of § 28-1383(A)(1), which, like the current version of the statute, omitted any *mens rea* for the offense. 144 Ariz. at 489. Nevertheless, the court held the offense required proof of a culpable mental state and reversed the defendant's conviction. *Id.* The court reasoned that the Arizona Department of Transportation will not suspend, cancel or revoke a driver's license without giving notice to the driver. *Id.* Because it follows that a driver necessarily will know when his or her license is suspended, canceled or revoked, the court concluded that aggravated DUI under what is now § 28-1383(A)(1) "necessarily involves a culpable mental state" within the meaning of § 13-202(B). 144 Ariz. at 489. Acknowledging the potential for administrative error by the Department of Transportation, the court also observed that "the danger of unknown or mistaken suspensions is too great to allow a felony conviction to be based upon suspensions without knowledge." *Id.*

¶11      Applying that reasoning here, aggravated DUI under § 28-1383(A)(3) does not "necessarily involve" a culpable mental state about the age of the passenger – indeed, before trial Gomez argued that he did not know how old the girl was, and there was no evidence to suggest he necessarily `knew she was only 14. Gomez argues children under 15 are most likely to be driven around by their parents, who of course will know how old they are. That may be usually so, but as this case shows, not everyone who transports a child "necessarily" knows whether the child is younger than 15. *See* A.R.S. § 13-202(B).

¶12      Gomez argues we should imply a *mens rea* requirement in § 28-1383(A)(3) because the provision was enacted after our supreme court issued its decision in *Williams* in 1985. The legislature enacted the predecessor to § 28-1383(A)(3) in 1996, and the following year, moved it to its current location in the code. *See* 1996 Ariz. Sess. Laws, ch. 76, § 29 (2d Reg. Sess.); 1997 Ariz. Sess. Laws, ch. 1, §§ 108, 112 (1st Reg. Sess.). We cannot infer that when the legislature enacted the subsection at issue without specifying a *mens rea* requirement, it knew or expected from *Williams* that courts would require the prosecution to prove a culpable

mental state. The opposite conclusion is just as likely: The legislature might have concluded that because the youthful-passenger provision came with none of the notice guarantees the court identified in *Williams*, consistent with § 13-202(B), courts would refrain from implying a mental-state requirement when the statute omitted one. This is particularly so, given that lawmakers knew of the mandate of § 13-202, which was enacted in 1977, when they first adopted § 28-1383(A)(3). *See State v. Garza-Rodriguez*, 164 Ariz. 107, 111 (1990) (courts presume legislature is aware of existing laws when it enacts new ones); *State v. Gamez*, 227 Ariz. 445, 449, ¶ 27 (App. 2011) (same).

¶13　　Gomez cites *Slayton*, where we reviewed a conviction for unauthorized hunting, for the proposition that strict liability offenses are "disfavored." 214 Ariz. at 516, ¶ 20. Our conclusion that § 28-1383(A)(3) does not require proof the defendant knew the child's age, however, is consistent with cases interpreting other statutes that create crimes with child victims. *See, e.g.*, *Williams*, 175 Ariz. at 101, 103 (A.R.S. § 13-705 (2019), which establishes penalty for a "dangerous crime against children" when victim is of a certain age, does not require proof defendant knew victim's age because defendant "assumes the risk" the child falls within the statute); *Gamez*, 227 Ariz. at 450, ¶¶ 29-30 (sexual conduct with minor under A.R.S. § 13-1405(A) (2019) does not require proof defendant knew age of victim: "When the legislature intends that the *mens rea* apply to the status of the victim, it says so explicitly."); *State v. Denning*, 155 Ariz. 459, 461 (App. 1987) (same outcome under A.R.S. § 13-1406(B) (2019), specifying penalty for sexual assault against a victim under 15 years of age); *see also Spitz v. Mun. Court of Phoenix*, 127 Ariz. 405, 407 (1980) (guilt without *mens rea* "is allowed in certain cases, frequently involving the protection of children"); *State v. Cutshaw*, 7 Ariz. App. 210, 221 (1968) ("When a person does an act which reasonable persons should recognize will harm the health or morals of a youth, there is sufficient criminal intent to warrant conviction though the actor for good reason does not realize that the child is below the particular age selected by law as the threshold for criminal sanction."), *superseded in part by* Ariz. R. Crim. P. 15.1.

¶14　　By contrast to § 28-1383(A)(3) and the other statutes at issue in ¶ 13, the legislature has been clear elsewhere when it means to require the State to prove the defendant knew the victim was a minor. *See, e.g.*, A.R.S. § 13-3212(B)(2) (2019) ("A person who is at least eighteen years of age commits child sex trafficking by knowingly: . . . Engaging in prostitution with a minor who the person knows or should have known is fifteen, sixteen or seventeen years of age."); *see also* A.R.S. § 13-1204(A)(8)(a) (2019)

(aggravated assault of victim the defendant "know[s] or ha[s] reason to know" is a peace officer).

¶15　　　　In sum, the plain language of § 28-1383(A)(3) does not state a *mens rea* element, and we "assum[e] that the legislature has said what it means." *State v. Ross*, 214 Ariz. 280, 283, ¶ 22 (App. 2007) (quotation omitted). Further, applying § 13-202(B), the crime does not "necessarily" involve a culpable mental state. Accordingly, we conclude the State did not need to prove Gomez knew his victim was under 15, and the superior court did not err in denying Gomez's requested jury instruction.

## CONCLUSION

¶16　　　　For the above reasons, we affirm Gomez's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:　AA