NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

DAWN MICHELLE RAEL,
*Appellant.*

No. 1 CA-CR 18-0723
FILED 12-10-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-119595-001
The Honorable Julie A. LaFave, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Amy E. Bain
*Counsel for Appellant*

———————————————

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

———————————————

**T H U M M A**, Judge:

¶1        A jury convicted Dawn Rael of two felony aggravated driving while under the influence of intoxicating liquor offenses. On appeal, Rael challenges the admission of the retrograde extrapolation evidence; the jury instructions on the legal presumptions of impairment; the prosecutor's comments during closing arguments; and the sufficiency of the evidence for her convictions. Because Rael has not shown any reversible error, her convictions are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        In April 2017, two bystanders, D.W. and R.B, were at a Phoenix park. They saw a woman, later identified as Rael, drive into the parking lot, hit a curb, turn the car around and then hit another curb. Rael got out of the car and was stumbling while attempting to retrieve an item thrown from the car. D.W. approached and smelled alcohol on Rael. Both D.W. and R.B noticed Rael was slurring and having balance issues. They also saw a young child in the backseat of the car. D.W. removed the keys from the car and called the police. R.B. drove to a local fire department for assistance. At trial, these witnesses testified these events occurred at about 4:00 p.m. or about 6:00 p.m.

¶3        Police arrived just before 8:00 p.m. When the officers contacted Rael, they noticed a strong smell of alcohol coming from the car and Rael. Rael the participated in various field sobriety tests. After failing those tests, she was arrested.

¶4        After obtaining Rael's consent for a blood draw, one officer drew two vials of blood at 9:00 p.m. The same officer ran Rael's driver's license and learned it was restricted. The Phoenix Crime Lab tested Rael's blood taken at 9:00 p.m., which showed a Blood Alcohol Concentration (BAC) of .336. Rael was charged with two counts of aggravated driving while under the influence of intoxicating liquor. Count one was for driving under the influence with a license restriction, Ariz. Rev. Stat. (A.R.S.)

section 28-1383(A)(1) (2019),[1] a Class 4 felony, and count two was for driving under the influence with a child under 15 years of age in the car, A.R.S. § 28-1383(A)(3), a Class 6 felony.

**¶5**        At trial, the State presented testimony of seven witnesses: D.W.; R.B.; three Phoenix Police Officers; a Phoenix Crime Lab technician; and an Arizona Department of Motor Vehicles (DMV) employee. Rael testified in her own defense. After a five-day trial, the jury found Rael guilty as charged. Rael was later sentenced to four months in the Arizona Department of Corrections, to be followed by two years of probation; the court, however, stayed imposition of her sentence pending this appeal. This court has jurisdiction over Rael's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

### DISCUSSION

**¶6**        Rael presses four arguments on appeal: (1) the retrograde extrapolation evidence was irrelevant and inadmissible; (2) the jury should not have been instructed on the legal presumptions of impairment; (3) the prosecutor made improper statements during closing argument that were so prejudicial as to warrant a new trial; and (4) there is insufficient evidence to support the conviction.

### I.    The Retrograde Extrapolation Evidence Was Relevant and Admissible.

**¶7**        Rael challenges the admissibility of the retrograde extrapolation evidence under Arizona Rules of Evidence 401, 403 and 702. This court reviews the superior court's "determination of the relevancy and admissibility of evidence for abuse of discretion." *State v. Rutledge*, 205 Ariz. 7, 10 ¶ 15 (2003). A challenge to the admission of evidence is preserved when a party makes a "timely object[ion] or moves to strike" and "states the specific ground" for the objection. Ariz. R. Evid. 103(a)(1); *State v. Lopez*, 217 Ariz. 433, 434 ¶ 4 (App. 2008). Neither a general objection nor an objection on another ground will preserve an issue for appeal. *Lopez*, 217 Ariz. at 434 ¶ 4. Until "the court rules definitively on the record," the objection must be renewed to preserve the issue for appeal. Ariz. R. Evid. 103(b). If a defendant fails to timely and specifically object, this court

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

reviews for fundamental error resulting in prejudice. *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018).

**¶8**        Rael argues evidence of her BAC and retrograde analysis was not relevant because the State "proceeded on DUI charges that *only required proof of impairment*, not proof of an actual level of alcohol in the blood."[2] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Ariz. R. Evid. 401. In this case, evidence of Rael's BAC several hours after driving makes it more probable that she was impaired to the slightest degree at the time of driving. Additionally, once the State provided admissible evidence of Rael's BAC within two hours of driving, then the statutory presumptions applied. *See* A.R.S. § 28-1381(G) (as applicable here, a finding of a BAC more than 0.08 gives rise to the presumption "that the defendant was under the influence of intoxicating liquor"). Accordingly, Rael has not shown the superior court abused its discretion in finding this evidence relevant.

**¶9**        Rael also challenges the admission of evidence of her BAC and retrograde analysis under Rule 702(a) and (b). Rael claims "[c]ounsel moved to preclude testimony of the retrograde extrapolations under Rule 702(a) and (b)." The record, however, shows only that Rael moved to preclude admission of the evidence under Rule 401 ("Test for Relevant Evidence"). Because Rael did not press a Rule 702 objection with the superior court, she waived the issue on appeal, absent fundamental error resulting in prejudice. *See* Ariz. R. Evid. 103(a); *Lopez*, 217 Ariz. at 434 ¶ 4; *Escalante*, 245 Ariz. at 140 ¶ 12.

**¶10**        An error is fundamental if it "goes to the foundation of the case," takes away an essential right to the defendant's defense or is "so egregious that a defendant could not possibly have received a fair trial." *Escalante*, 245 Ariz. at 141 ¶¶ 18–20 (internal quotations and citations omitted). Rael has not claimed, let alone shown, that admission of the retrograde extrapolation evidence constituted fundamental error. *See also State ex rel. Montgomery v. Miller*, 234 Ariz. 289, 305 ¶ 61 (App. 2014) (holding retrograde extrapolation evidence admissible). Consequently, Rael has

---

[2] Rael also argues the evidence should have been excluded under Rule 403, but failed to preserve the issue by timely objecting on that ground at trial. *See* Ariz. R. Evid. 103(a); *Lopez*, 217 Ariz. at 434 ¶ 4. Rael has not demonstrated the admission of this evidence was a fundamental error. *See Escalante*, 245 Ariz. at 140 ¶ 12.

failed to show that admission of this evidence was fundamental error resulting in prejudice.

## II. The Superior Court Properly Instructed the Jury on the Statutory Presumptions.

**¶11** Rael argues because she was not charged with any BAC-specific offenses, the only relevant timeframe was her time of driving, and any instructions on the statutory presumptions "erroneously gave the impression that the jury could consider any relation-back testimony." Rael's arguments fail for two reasons. First, Rael's opening brief does not cite to any legal authority supporting her argument. *See* Ariz. R. Civ. App. P. 13(a)(7) (requiring citations to legal authority for appellant's opening brief). Second, nothing in the statutory presumptions limit their application to cases charged under section 28-1381(A)(2). *See* A.R.S. § 28-1381(G) (defendant's alcohol concentration gives rise to several presumptions in an action or trial under "this section or § 28-1383").

**¶12** This court addressed similar arguments in *State v. Klausner*, where the State charged the defendant with a DUI under a theory of impairment to the slightest degree, like Rael here. 194 Ariz. 169, 170 ¶¶ 2-3 (App. 1998). The defendant argued that, even though there was a BAC reading within two hours of driving, such a reading does not prove impairment at the time of driving. *Id.* at 172 ¶ 14. *Klausner* squarely rejected that argument:

> We accept as a fact it is not possible to precisely quantify the alcohol content of a person's blood at the time the person was driving from a sample taken at a later time without evidence to relate the sample back. This does not mean, however, that there is *no* relationship between a BAC reading taken within two hours of driving and whether a person's driving was influenced to the slightest degree by alcohol. In many cases, there will be an obvious relationship.

*Id.* at 173 ¶ 17. In diffusing any Rule 403 concerns, the court upheld the presumption explaining "jurors can understand that a BAC reading at the time the test is taken may have some bearing on whether a driver was impaired and also understand that evidence of what the BAC actually was at the time of driving is even more relevant." *Id.* at ¶ 20.

¶13          In this case, using retrograde extrapolation, the State presented evidence of Rael's approximate BAC based on the various times of driving. The retrogrades were calculated based on two driving times presented at trial — 6:48 p.m. and 4:20 p.m. By presenting the retrogrades, the State established Rael's BAC within two hours of driving, which gave rise to the statutory presumptions. A.R.S. § 28-1381(G). Thus, Rael has shown no error for the superior court to instruct the jury on these presumptions.

**III.     The Prosecutor's Comments During Closing Arguments Were Not Prosecutorial Misconduct.**

¶14          Rael alleges the prosecutor's "characterization of [Rael] as lying coupled with his statements in closing arguments" were improper prosecutorial misconduct resulting in prejudice. To determine if a prosecutor's comment is improper, the court considers "the context in which [the comment] was made and whether the jury would naturally and necessarily perceive it." *Rutledge*, 205 Ariz. at 13 ¶ 33. If the comment rises to misconduct, the defendant must show the prosecutor's misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Goudeau*, 239 Ariz. 421, 465 ¶ 193 (2016) (quoting *State v. Hughes*, 193 Ariz. 72, 79 ¶ 26 (1998)). In argument, counsel is permitted to "draw[] reasonable inferences from the evidence." *State v. Miniefield*, 110 Ariz. 599, 602 (1974). The court considers the entire record and the totality of the circumstances in evaluating claims of prosecutorial misconduct. *Rutledge*, 205 Ariz. at 13 ¶ 33.

¶15          Rael argues the prosecutor's characterization that she lied to police was improper and not a reasonable inference from the evidence. However, during both direct and cross-examination, Rael admitted that when she spoke with police, she was not truthful in the amount of alcohol she had consumed. Given Rael's own admission at trial, it was not an unreasonable inference for the prosecutor to say "[s]o essentially she lied." *See Miniefield*, 110 Ariz. at 602. Accordingly, Rael has shown no prosecutorial misconduct.

**IV.     Rael's Conviction Is Supported by Substantial Evidence.**

¶16          Rael challenges the superior court's denial of her motion for judgment of acquittal, which asserted there was "no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). Sufficiency of the evidence is reviewed de novo. *State v. West*, 226 Ariz. 559, 562 ¶ 15 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 562 ¶ 16 (quoting *State v. Mathers*, 165 Ariz. 64, 66 (1990)) (emphasis original).

¶17        To convict Rael of aggravated DUI, the State was required to prove: (1) Rael drove a vehicle; (2) she was under the influence of intoxicating liquor at the time of driving; (3) she was impaired to the slightest degree by intoxicating liquor; (4) her license to drive was suspended and/or restricted at the time she was driving; and (5) she knew or should have known that her driver license was suspended and/or restricted at the time of driving. *See* A.R.S. § 28-1383(A)(1); *State v. Williams*, 144 Ariz. 487, 489 (1985) (discussing necessary mental state); *accord* Rev. Ariz. Jury Instr. (RAJI) Stand. Crim. 28.1383(A)(1)-1 (5th ed. 2019) (listing elements). To convict on count two, the State had to prove elements one through three and that "a person under fifteen years of age [was] in the vehicle" at the time of the offense. A.R.S. § 28-1383(A)(3); *accord* RAJI Stand. Crim. 28-1383(A)(3)-1.

¶18        During trial, both eyewitnesses testified that they saw Rael driving in the parking lot and drive over a curb. When the witnesses approached Rael, D.W. testified he could smell alcohol on her, and both men saw that she was stumbling, and her speech was slurred. When the witnesses looked into her car, they saw a child under the age of 15 strapped into his car seat. Rael's testimony confirmed she was driving with her son, who was not yet three years old at the time.

¶19        The Phoenix Crime Lab technician testified that at 9:00 p.m., Rael's blood had a BAC of .336. Based on retrograde extrapolations, that technician could estimate Rael's BAC within two hours of driving. If the driving time was 6:48 p.m., Rael's BAC ranged between .336 to .341. If the driving time was 4:20 p.m., her BAC was estimated to range between .336 to .403 within two hours of driving. Phoenix Police Officers confirmed that, at the time of the incident, Rael's license was restricted. The DMV employee testified Rael was sent a letter notifying her of the restriction and Rael's testimony confirmed she knew of the restriction.

¶20        After viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *West*, 226 Ariz. at 562 ¶ 16 (quoting *Mathers*, 165 Ariz. at 66). Accordingly, the superior court did not err in denying Rael's Rule 20 Motion.

## V. The Court Did Not Abuse Its Discretion in Denying Rael's Rule 24.1 Motion.

¶21 Finally, Rael argues her conviction "was contrary to the law and contrary to the weight of the evidence." Specifically, she claims the State did not prove impairment at the time of driving and that Rael "knowing[ly] [drove] in violation of a restriction on her license." This court reviews the denial of a motion for a new trial for abuse of discretion. *State v. Neal*, 143 Ariz. 93, 97 (1984); *see also State v. Fisher*, 242 Ariz. 44, 52 ¶28 (Ariz. 2017) ("The appellate court does not sit as the 'fourteenth' juror.").

¶22 As noted, there is substantial evidence to support Rael's convictions. The State was required to prove, and did in fact prove, that Rael's license had a restriction and Rael "*knew or should have known*" of the restriction. *Williams*, 144 Ariz. at 489 (emphasis added); *see* A.R.S. § 28-1383(A)(1). Rael has not shown the superior court abused its discretion in denying her motion for a new trial.

## CONCLUSION

¶23 Rael's convictions are affirmed, and the case is remanded for the imposition of the sentence previously stayed pending resolution of this appeal.

