IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SCOTT NELSON, *Appellant.*

No. 1 CA-CR 19-0604
FILED 6-17-2021

Appeal from the Superior Court in Maricopa County
No. CR2017-152007-001
The Honorable Laura Johnson Giaquinto, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Celia Rumann Attorney at Law, Tempe
By Celia Rumann, Michael P. O'Connor, appearing *Pro Hac Vice*
*Counsel for Appellant*

---

## OPINION

Judge David B. Gass delivered the opinion of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

**¶1**        Scott Nelson appeals his conviction for aggravated driving under the influence while required to have an ignition-interlock device in the vehicle.[1] Nelson argues the superior court erred by failing to instruct the jury the State needed to prove he knew he was subject to an ignition-interlock restriction. We agree and hold when a defendant is charged with aggravated DUI under A.R.S. § 28-1383.A.4, the jury must be instructed, and the State is required to prove, the defendant knew or should have known an ignition-interlock restriction was in effect at the time of the offense. Accordingly, we vacate Nelson's conviction and remand for a new trial.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        This court reviews the facts in the light most favorable to sustaining the jury's verdict, resolving all reasonable inferences against Nelson. *See State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015).

**¶3**        On September 15, 2015, after Nelson was convicted of misdemeanor extreme driving under the influence (DUI), the Department of Transportation, Motor Vehicle Division (MVD) ordered him to install a certified interlock device in any motor vehicle he operated. Based on Nelson's conviction, the order was to last for eighteen months from the date his driving privileges were reinstated with an interlock-restricted driver license. *See* A.R.S. § 28-3319.D.2. On December 1, 2015, after Nelson provided proof of compliance, MVD reinstated his driving privileges with

---

[1]        A separate memorandum decision filed simultaneously with this opinion affirms a superior court order expressly rejecting Nelson's argument his interlock order was not in effect at the time of the offense and implicitly rejecting Nelson's argument he did not receive due process. *See* Ariz. R. Sup. Ct. 111(h); Ariz. R. Crim. P. 31.19(f).

the interlock restriction. Accordingly, Nelson was eligible to remove the interlock device on June 1, 2017.

¶4          On March 18, 2016, an interlock installer notified MVD the interlock device was removed from Nelson's vehicle when he sold it. MVD then sent Nelson a notice of corrective action, stating he was out of compliance and MVD would suspend his license until he submitted proof an interlock device was installed in all vehicles he operated. The notice said "[t]he device must be installed for one year from the date that proof is received, unless a different time period is specified." On April 1, an interlock installer submitted proof to MVD showing it had installed an interlock device in a BMW Nelson had just purchased. When Nelson appeared in person and provided proof of compliance on May 12, MVD gave him a second restricted driver license with "ignition interlock" printed on it.

¶5          When MVD issued Nelson his second restricted license, MVD determined Nelson would not be able to remove the interlock device until November 12, 2017—a full eighteen months after Nelson provided proof of compliance. MVD's standard practice is to inform individuals of the expiration date of their interlock-device requirements when they go to MVD to prove compliance and receive their restricted licenses. Though MVD mailed the first interlock order expiration date to Nelson, it did not do so with the revised November 12 date, and the record contains no document signed by Nelson acknowledging the new date.

¶6          On November 10, 2017, law enforcement stopped Nelson for speeding. Nelson produced his license with the interlock restriction printed on it. Nelson was not driving the BMW, but another vehicle that lacked an interlock device. The officer arrested Nelson on suspicion of aggravated DUI, for operating a vehicle without an interlock device, and for being under the influence of alcohol. Seven days later, on November 17, 2017, Nelson removed the interlock device from his BMW.

¶7          The State charged Nelson with aggravated DUI while impaired to the slightest degree and while required to have an interlock device installed in the vehicle (count 1) and aggravated DUI with a blood alcohol concentration of at least 0.08 while required to have an interlock device installed in the vehicle (count 2). *See* A.R.S. §§ 28-1381.A.1, .A.4; -1383.A.4.

¶8          Nelson asked the superior court to instruct the jury that knowledge of the interlock restriction is a required element of the offenses.

The State objected, and the superior court denied Nelson's request. A jury convicted Nelson on count 1 but failed to reach a verdict on count 2.

¶9　　　　Nelson timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031, 13-4033.A.1.

**ANALYSIS**

¶10　　　　Nelson argues the superior court erred when it declined to instruct the jury the State was required to prove he knew his interlock restriction was still in effect on the date of the offense. We agree.

¶11　　　　"This court reviews a decision to give a jury instruction for abuse of discretion but reviews *de novo* whether the instruction correctly states the law." *State v. Farid*, 249 Ariz. 457, 460, ¶ 12 (App. 2020) (citing *State v. Solis*, 236 Ariz. 285, 286, ¶ 6 (App. 2014)). In this analysis, this court reads "the instructions as a whole to determine whether the jury received the information needed to arrive at a legally correct decision." *See Leon v. Marner*, 244 Ariz. 465, 469, ¶ 11 (App. 2018) (citing *State ex rel. Thomas v. Granville*, 211 Ariz. 468, 471, ¶ 8 (2005)).

¶12　　　　The superior court here instructed the jury the State needed to prove Nelson: (1) drove a vehicle in Arizona; (2) was under the influence of intoxicating liquor while driving, (3) was impaired to the slightest degree while driving; and (4) had been ordered to equip any motor vehicle he operated with an interlock device. *See* A.R.S. §§ 28-1381.A.1; -1383.A.4; *see also* Rev. Ariz. Jury Instr. Stat. Crim. 28.1383(A)(4)-1 (vehicular crimes) (4th ed. 2016).

¶13　　　　Though Nelson and the State both acknowledge no statute or case has expressly imposed a mental-state element on the statute at issue here, we find *State v. Williams*, 144 Ariz. 487 (1985), instructive. In *Williams*, the supreme court held a defendant may not be convicted of DUI with a suspended license absent proof the defendant knew of the suspension. 144 Ariz. at 489. In that case, MVD mailed the defendant three letters informing him it was suspending his license for non-compliance with the implied consent laws. *Id.* at 488. The first two letters were returned as unclaimed or undeliverable. *Id.* The third notice, which the defendant did receive, said MVD would suspend his driving privileges in fifteen days unless it received a request for a hearing on or before that date. *Id.* MVD asserted it never received a request for a hearing and, therefore, suspended his license. *Id.* At trial, the defendant testified he timely mailed a request, which would have maintained his license's active status until the hearing. *Id.*

¶14         To determine whether the State was required to prove the defendant knew of the license suspension, the *Williams* court first looked to A.R.S. § 13-202.B, which states, in part:

> If a statute defining an offense does not expressly prescribe a culpable mental state that is sufficient for commission of the offense, no culpable mental state is required for the commission of such offense, and the offense is one of strict liability *unless the proscribed conduct necessarily involves a culpable mental state.*

(Emphasis added.)

¶15         Though the DUI statute in *Williams* "contain[ed] no language concerning mens rea," the supreme court concluded "'driving without a license' necessarily involves a 'culpable mental state.'" 144 Ariz. at 489. "A driver needs to know he does not have a license before he can be punished for driving without one even if he is driving while intoxicated, which does not require intent." *Id.* As support for its holding, the supreme court cited the risk of administrative error and the chance drivers might be unaware MVD has suspended their licenses. *Id.*

¶16         This court recently declined to extend *Williams* to aggravated DUI with a passenger under the age of fifteen. *State v. Gomez*, 246 Ariz. 237, 239–40, ¶¶ 10–15 (App. 2019); A.R.S. § 28-1383.A.3. The *Gomez* court distinguished *Williams*, holding that DUI with a passenger under the age of fifteen does not "necessarily involve" a culpable mental state because "not everyone who transports a child 'necessarily' knows whether the child is younger than 15." 246 Ariz. at 239, ¶ 11. This case, however, is more like *Williams* than *Gomez*. Unlike a DUI with a passenger under the age of fifteen, both DUI with an interlock restriction and DUI with a suspended license require initial MVD action. *Compare* A.R.S. § 28-1383.A.3 *with* A.R.S. §§ 28-1383.A.1 *and* -1383.A.4.

¶17         Here, as in *Williams*, Nelson's non-compliance with a law resulted in administrative action restricting his driving privileges. *See* 144 Ariz. at 489. The notice of corrective action MVD sent Nelson told him the new order would last one year from the date MVD received his proof of compliance "unless a different time period is specified." *See* A.R.S. § 28-1463.A. MVD asserts it determined a "different time period" applied to Nelson's interlock order when it issued Nelson a new restricted license in May 2016, but the issue remains whether he knew about it. The offense of DUI while "ordered . . . to equip any motor vehicle the person operates"

with an interlock device "necessarily involves" knowing the order is in effect. *See* A.R.S. §§ 28-1383.A.4; 13-202.B. The knowledge requirement is critical when—as here—MVD imposed a new eighteen-month restriction and not the presumptive one-year period indicated in the notice.

¶18          An MVD worker testified drivers usually are informed of their new restriction expiration dates when they pick up their new licenses at the MVD. And Nelson removed the interlock device in his BMW days after his interlock order's November expiration date. But that evidence goes to the proof of the element, not the element's necessity. We recognize in most cases it may be difficult for defendants like Nelson to rebut evidence they knew an interlock restriction was in effect at the time of the offense. "Nevertheless, [they are] entitled to try." *State v. Jennings*, 150 Ariz. 90, 94 (1986). Following the supreme court's precedent in *Williams*, the superior court should have instructed the jury the State was required to prove Nelson knew his interlock restriction was in effect on the day of his offense. *See* 144 Ariz. at 489.

## CONCLUSION

¶19          Nelson's conviction and sentence are vacated. The case is remanded to the superior court for retrial.



AMY M. WOOD • Clerk of the Court
FILED:    AA